477 A.2d 487

CHERVENAK, KEANE & COMPANY, INC. (C.K.C. ASSOCIATES) and Herbert S. Levin, Esquire, Intervening Petitioner,

v.

HOTEL RITTENHOUSE ASSOCIATES, INC., Appellant.

Superior Court of Pennsylvania.

Argued Nov. 15, 1983.

Filed May 4, 1984.

Reargument Denied July 10, 1984.

Petition for Allowance of Appeal Denied Jan. 7, 1985.

See also 477 A.2d 482.

368

Michael H. Egnal, Philadelphia, for appellant.

Barnett Satinsky, Philadelphia, for appellees.

Before SPAETH, President Judge, and BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

In this appeal appellant challenges the lower court's refusal to open a default judgment and the court's imposition of counsel fees and costs. Finding no merit in appellant's contentions, we affirm the order of the court below.

Appellant, Hotel Rittenhouse Associates, and Chervenak, Keane and Co. (CKC), contracted in mid-1979, for CKC to advise appellant incident to the building of a hotel-condominium. After the contract was prematurely terminated, and pursuant to their earlier agreement, the parties submitted damage claims to an arbitration panel, consisting of one arbitrator appointed by each party, and appellee, a neutral arbitrator appointed by the lower court to act as panel chairman. The arbitrators' award of $130,020.60 in favor of CKC was appealed to our court by appellant in a companion case, No. 146 Philadelphia, 1982. The instant case arose subsequent to appellant's refusal to pay the full compensation (fee and costs) owed appellee.[1] Upon appellant's refusal, appellee filed a Petition to Compel Defendant

---

1. Appellant and CKC had agreed to split the cost of appellee's fee of $150 per hour.

to Pay the Fee of the Independent Arbitrator on October 15, 1981. On November 2, 1981, appellant's preliminary objections were denied with leave to file an answer within fifteen days. Appellant thereupon filed an appeal of that denial which was quashed by this Court on December 28, 1981. Finally, on January 7, 1982, the lower court entered a default judgment against appellant because it had failed to file an answer to appellee's Petition to Compel Payment within the allotted fifteen days. The lower court then ordered appellant to pay a $350 fee to appellee's counsel for the proceedings surrounding the January 7 judgment. After appellant filed a motion to open and/or strike the judgment, the lower court denied the motion and requested that appellee provide a statement of supplemental fees and costs incurred by appellee. Appellee complied and the lower court granted additional fees in the amount of $4,039.99. Appellant's exceptions to the fee determination were denied. This appeal followed.

▄▄▄▄ Appellant contends first that the default judgment must be stricken because it was entered prematurely and *sua sponte* by the lower court. We find no merit in this contention. With regard to the time of the judgment's entry, appellant avers that during the pendency of its appeal to the Superior Court, the lower court was stayed from acting in the case and that, consequently, the fifteen day period in which appellant was entitled to file an answer had not yet run when the lower court entered the default judgment on January 7. The pertinent chronological events are as follows:

| | |
|---|---|
| Oct. 15, 1981 | Appellee petitions to compel payment of arbitrator's fee |
| Oct. 28, 1981 | Appellant files preliminary objections |
| Nov. 2, 1981 | Preliminary objections denied after hearing with leave to file answer within 15 days |

| | |
|---|---|
| Nov. 10, 1981 | Appellant files appeal |
| Nov. 19, 1981 | Appellee files motion to quash appeal |
| Nov. 24, 1981 | Appellant answers motion to quash |
| Dec. 28, 1981 | Motion to quash granted by the Superior Court |
| Jan. 4, 1982 | Appellee's Oct. 15, 1981 petition granted after appellant failed to file an answer |
| Jan. 7, 1982 | Default judgment entered on Jan. 4 order |

Pa.R.A.P. 1701 indicates that, except in enumerated circumstances, following the filing of an appeal, a trial court cannot proceed further until disposition of the appeal. Here, however, we agree with the lower court that it took no action during the pendency and disposition of appellant's appeal and appellee's motion to quash. Appellant had been granted fifteen days from November 2, 1981, within which to file an answer. Eight days elapsed prior to appellant's filing the appeal with this court. After appellee's motion to quash the appeal was granted on December 28, ten days elapsed before the lower court entered the default judgment against appellant on January 7, 1982. Accordingly, we find that, excluding the period of time for disposition of the appeal, 18 days were available for appellant to file an answer to appellee's petition.[2] Because appellant did not file an answer, the lower court correctly entered judgment in favor of appellee.[3]

[2.] The motion to quash was granted December 28, 1981 and the order allegedly mailed to appellant on December 30. Even if we were to exclude those two days from our calculations, fifteen days would still have elapsed. *See* Pa.R.A.P. 108(a).

[3.] Because of our conclusion that appellee did not timely file an answer and that the lower court did not act during the pendency of the appeal, we decline to address the parties' competing contentions concerning appellant's right to appeal from the court's denial of its preliminary objections.

In its Petition to Strike and/or Open Judgment, appellant claimed only that the lower court entered judgment without waiting for the 15-day leave period to elapse. Appellant's additional assertion that the lower court entered that judgment *sua sponte* is therefore waived, not

■ Appellant next maintains that the lower court abused its discretion in denying appellant's petition to open and/or strike the judgment. Again, we find no basis for this claim. A petition to open a default judgment is addressed to the equitable powers of the lower court, whose decision will not be disturbed absent an abuse of discretion. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Carducci v. Albright Galleries, Inc.*, 244 Pa.Superior Ct. 48, 366 A.2d 577 (1976). A default judgment may be opened when three factors coalesce:

(1) the default may be reasonably excused;

(2) the petition to open has been timely filed; and

(3) a meritorious defense has been averred.

*Queen City Electrical Supply v. Soltis Electric Co.*, 491 Pa. 354, 421 A.2d 174 (1980); *Balk v. Ford Motor Co., supra.* The above-mentioned factors must be considered in light of equitable considerations. *Toplovich v. Spitman,* 239 Pa.Superior Ct. 327, 361 A.2d 425 (1976). We need not address the first two requirements, finding, upon review, that they have been satisfied. We disagree, however, with appellant's assertion of a meritorious defense. Appellant claims that if the judgment were opened, its defenses, *i.e.* that appellee as panel chairman displayed bias and prejudice resulting in an unconscionable award and that the panel majority rendered an irregular award because of its measure of damages, would prove meritorious. As we stated in the companion case to the instant appeal, wherein appellant sought to overturn the panel's award, "That the arbitrators chose to employ a measure [of damages] more favorable to appellee may reflect on the existence of opposing interpretations of the law of damages but falls far short of 'such ignorance of the law and indifference to the justice of the result as would cause a court to vacate the award.' *Hain v. Keystone Insurance Co.*, 230 Pa.Superior Ct. [456] at 460, 326 A.2d [526] at 528." *Chervenak, Keane & Co. v. Hotel Rittenhouse Associates,* 328 Pa.Superior Ct. 357, 477 A.2d

having been addressed in that petition. (R. at 79a–83a). *See* Pa.R. A.P. 302(a).

482 (1984). Additionally, in the companion case, we agreed with the lower court that appellee did not exhibit such alleged prejudice and bias sufficient to cause reversal of the award. Accordingly, having found no merit in appellant's two direct challenges to the award, we find that neither challenge would present a meritorious defense at trial. Thus, the lower court correctly denied appellant's petition to open and/or strike the judgment.

▮ Appellant contends finally that the lower court erred in awarding appellee counsel fees and costs for proceedings arising from and including appellee's Petition to Compel Payment of Fees and Costs. We find that the lower court properly awarded counsel fees. 42 Pa.C.S.A. § 2503(7) provides for the imposition of reasonable counsel fees "as a sanction against [a] participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." Vexatious conduct was defined in *Santoro v. City of Philadelphia*, 59 Pa. Commonwealth Ct. 114, 121, 429 A.2d 113, 117 (1981), as conduct "instituted without sufficient grounds and serving only to cause annoyance." (quoting The Webster New Encyclopedic International Dictionary, 1975). *See also In re Estate of Roos*, 305 Pa.Superior Ct. 86, 451 A.2d 255 (1982). In the instant case, appellant had agreed to share equally with CKC the costs and fees incident to appellee's chairing of the arbitration panel. According to the record, appellant paid part of the amount it owed, but refused to remit the remainder, thereby forcing appellee to petition to compel payment. From October 15, 1981 until July, 1982, when appellant's exceptions to the default judgment and additional fee award were denied, appellant continually refused to pay the previously agreed upon fees and instead, employed various procedural tactics, to avoid payment, *i.e.* interlocutory appeal, refusal to answer appellee's petition, petition to open default judgment, challenge to counsel fee award. In all of these proceedings, appellant relied upon the same claim: (1) that the arbitration panel employed an erroneous measure of damages and (2) appellee evidenced such bias and prejudice as to have rendered

an unconscionable award. Evidently based on this procedural history, the lower court awarded counsel fees and costs to appellee who needed to retain counsel for all of these proceedings instituted by appellant. Because the lower court had on many occasions, informed appellant that its contentions were without merit, and had found appellee's behavior to be commendable, unbiased and fair, we cannot help but conclude that appellant's continued attempts to challenge the award and the imposition of costs and fees were "instituted without sufficient grounds and serv[ed] only to cause annoyance." *Santoro v. City of Philadelphia, supra* 59 Pa. Commonwealth Ct. at 121, 429 A.2d at 117. Accordingly, although in our discretion we may have awarded a different amount, we find that the lower court did not abuse its discretion in awarding counsel fees and costs for all of the proceedings incident to appellant's refusal to pay appellee's fee.[4]

Finding no merit in appellant's several contentions, we affirm the order entered below.

Affirmed.

**4.** Having found that the lower court acted within its discretion in awarding counsel fees and costs, we must conclude that the court considered its earlier award of $350 when it determined that appellee was entitled to an additional $4039.99.