481 A.2d 1362

**AUTOLOGIC INCORPORATED and Volt Information Sciences, Inc.**

v.

**CRISTINZIO MOVERS t/a Domenic Cristinzio Inc., Appellant.**

Superior Court of Pennsylvania.

Argued May 3, 1984.

Filed Sept. 21, 1984.

Donald K. Joseph, Philadelphia, for appellant.

Vincent R. McGuinness, Jr., Philadelphia, for appellees.

Before SPAETH, President Judge, and BROSKY and McEWEN, JJ.

BROSKY, Judge:

This is an appeal from the order denying appellant's petition to open a default judgment. Appellant contends that the court below erred in denying the petition on the basis that appellant had not reasonably explained its default. We disagree with appellant and, accordingly, affirm the order of the trial court.

In August of 1980, appellee had equipment moved from California to Pennsylvania. It engaged appellant to move the equipment from Folcroft, Pennsylvania to Gettysburg, Pennsylvania. In October of 1980, appellant was informed by appellee's attorneys that appellee was claiming that appellant was responsible for damage to the equipment and appellant was requested to notify its insurance company. Appellant notified its insurance broker who in turn notified the insurance carrier. Appellee's attorneys thereafter dealt directly with the insurance carrier until, in May of 1982, the carrier notified appellee's attorneys that it declined to make any payment on the claim believing it to be without merit. A copy of this notification was also sent to Clare Fahrer, the employee of appellant in charge of monitoring claims for damages. Appellees then filed a complaint in trespass and assumpsit on July 14, 1982 which was served upon

appellant on July 15, 1982. Appellant did not answer the complaint and on September 3, 1982 a notice of praecipe for entry of default judgment was served upon appellant. Ms. Fahrer, believing that appellant's insurance company was still handling the matter and that these documents were merely copies, did not forward either of the documents to either the insurance company or her superiors. A default judgment was entered on September 16, 1982. Appellant filed its petition to open judgment on October 18, 1982, which the lower court denied on November 17, 1982. This appeal timely followed.

Appellant argues that the court below abused its discretion by denying its petition to open on the basis that it had not reasonably excused its default. We disagree.

We note initially that a petition to open a default judgment is an appeal to the trial court's equitable powers, and its decision will not be overturned absent a clear abuse of its discretion. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). The court must look to the promptness with which the petition to open was filed, the reason given for the default, and the merits of the defense asserted. *Id.*

Instantly, appellant argues that its failure to answer the complaint was due to Ms. Fahrer's belief that the matter was being handled by the insurance company and, therefore, that the complaint was simply a copy of a document of which the insurance company was aware. It contends that this belief was justifiable because she knew that the matter had been referred to the insurance company which had then dealt directly with appellee.

Generally speaking, a default attributable to a defendant's justifiable belief that his legal interests are being protected by his insurance company is excusable. *Bethlehem Apparatus Company, Inc. v. H.N. Crowder Company, Inc.*, 242 Pa.Super. 451, 364 A.2d 358 (1976). However, if the insured fails to inquire of the insurer as to the status of the case after events have occurred which should have reasonably alerted the insured to a possible problem, the

insured is precluded from asserting a *justifiable* belief that its interests were being protected. *Id.;* see *Baskerville v. Philadelphia Newspapers, Inc.,* 278 Pa.Super. 59, 419 A.2d 1355 (1980).

Appellant's excuse for its initial failure to respond to the complaint is arguably an acceptable one considering appellee's earlier direct dealings with the insurance company.[1] However, when appellant received appellee's notice of praecipe for entry of default judgment, we see no reason why, at the very least, it would not have sought assurances from its insurance carrier that it was being represented. Certainly, this notice should have indicated to appellant that there was some possibility that the insurance company was not aware of the complaint. Indeed, such inquiry is precisely the response intended by Pa.R.C.P. 237.1, which mandates that notice of the praecipe for entry of a default judgment be sent to the party against whom judgment is to be entered and to his attorney, if any. The comment to Rule 237.1 states:

> The Rule requires notice to be given to both the defaulting party and his attorney, if any. This dual service is proposed for two reasons. First, there may be delays in transmittal of process and pleadings from the client to his attorney. This often occurs where papers are forwarded by a party to his insurer through an intermediary, such as an insurance agency. Often the papers never get to defendant's attorney until after the time for filing a responsive pleading has expired. *Notice to the party will alert him that there may have been some failure in transmission and prompt inquiry of his insurer may correct this.* (emphasis added).

Thus, "[w]e find that the record clearly shows that the appellant has not acted in a manner which would have enabled it to rely justifiably upon legal representation by

---

1. Even at this point, appellant's excuse borders on the unreasonable since Ms. Fahrer apparently had notice of appellant's insurer's denial of appellee's claim.

the insurance company." *Crowder, supra,* 242 Pa.Super. at 456, 364 A.2d at 360.

Furthermore, we find appellant's excuse is rendered no more reasonable because its reliance on its insurance company was through what it now characterizes as an "unsophisticated, low-level employee." The fact remains that it was this type of employee that appellant chose to give responsibility to for handling damage claims. While it has been held that an employee's clerical error may constitute sufficient legal justification to open a default judgment, see e.g., *Campbell v. Heilman Homes, Inc.,* 233 Pa.Super. 366, 335 A.2d 371 (1975) (observing that the employee's failure to forward the complaint was not unlike a clerical error), we do not believe the instant case falls within that category. Appellant gave Ms. Fahrer the responsibility not simply to forward in every case all papers she received to her superiors, but to make the decision whether or not there was a need to do so. Thus, appellant's failure to respond to the complaint was not due simply to the inattentiveness of its employee, but to her conscious decision which it had empowered her to make. We do not find it unjust to hold appellant responsible for that decision. If we were to hold otherwise, employers could cause interminable delays in litigation simply by intentionally choosing unqualified employees to handle claims brought against them.

Accordingly, the court below did not abuse its discretion in finding that appellant failed to reasonably explain or excuse the default.[2]

Order affirmed.

McEWEN, J., concurs in the result.

2. We note that the lower court did not consider the other two requirements for opening a default judgment, but stopped after it concluded that the default was not reasonably excused. Generally, this approach is improper; all three parts of the test should be evaluated in light of all the circumstances and equities of the case. *Provident Credit Corp. v. Young,* 300 Pa.Super. 117, 446 A.2d 257 (1982).

However, we need not decide whether such failure was error in the case *sub judice* since appellant has not argued in this appeal that the trial court abused its discretion by this failure.