504 A.2d 326

**Mark A. WOLFSKILL and Nancy A. Wolfskill, Appellants,**

v.

**James EGAN and Agway, Inc.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed Jan. 31, 1986.

Neil L. Albert, Columbia, for appellants.

Richard L. Orwig, Reading, for appellees.

Before WIEAND, CIRILLO and ROBERTS, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Berks County granting appellees' petition to open a default judgment entered against them. Appellants obtained the default judgment after appellees did not timely file a responsive pleading. Now, appellants attack the petition as defective for several reasons, one being its failure to assert a meritorious defense to the underlying claim. The petition contained only a naked assertion that a defense did exist, unsupported by specifics. Appellees concede that such a hollow recitation is without effect if a duty to include a defense in the petition is imposed. We hold that appellees were obligated to assert a valid defense in the petition, and accordingly reverse.

In *Alston v. Philadelphia Electric Co.*, 337 Pa.Super. 46, 486 A.2d 473 (1984), we recognized the long standing distinction between actions in trespass and assumpsit as they bore upon the requisite elements of a petition to open a default judgment. When the action sounded in assumpsit, i.e., contract, and a default judgment resulted, a petition to open the judgment was required to a) be filed promptly, b) demonstrate a reasonable excuse for the delay that precipitated the default judgment, and c) show the existence of a meritorious defense to the underlying substantive claim. If these conditions were met, good cause was proven and the judgment could properly be opened. *Accord, McCoy v.*

*Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Atlas Aluminum Corp. v. Methods Research Products Co.*, 420 Pa. 407, 218 A.2d 244 (1966); *Walters v. Harleysville Mutual Casualty Co.*, 417 Pa. 438, 207 A.2d 852 (1965); *Autologic Inc. v. Cristinzio Movers*, 333 Pa.Super. 173, 481 A.2d 1362 (1984); *Chervenak, Keane and Co. v. Hotel Rittenhouse Associates*, 328 Pa.Super. 365, 477 A.2d 487 (1984); *American Express Co. v. Burgis*, 328 Pa.Super. 167, 476 A.2d 944 (1984); *Steinberg v. Sears, Roebuck and Co.*, 325 Pa.Super. 189, 472 A.2d 1072 (1984).

In contrast, when an action sounded in trespass, i.e., tort, a petition to open a default judgment only had to satisfy the first two prongs of the test; it was not necessary to plead a meritorious defense. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Kuntz v. Lanbar Hotel Co., Inc.*, 380 Pa. 90, 110 A.2d 249 (1955); *Scott v. McEwing*, 337 Pa. 273, 10 A.2d 436 (1940); *Steinberg v. Sears, Roebuck and Co., supra; Hersch v. Clapper*, 232 Pa.Super. 550, 335 A.2d 738 (1975).

The distinction was borne of practicality, being the result of a variance in pleading practices between actions in assumpsit and those in trespass. As our Supreme Court first explained in *Scott v. McEwing, supra*, an assumpsit action was not justiciable until an "affidavit of defense" was filed in response to the complaint. No such affidavit was required in a trespass action. Since assumpsit actions were the only ones calling for the pleading of a defense,[1] it logically followed that petitions to open default judgments would only have to show a meritorious defense when the actions sounded in assumpsit. In practice, however, the difference in petition requirements was often ignored. Since many cases were brought in assumpsit *and* trespass, there developed a summary recitation of the three prong test, unaccompanied by an explanation that it was only the

1. In *United States v. Schofield Co.*, 182 Fed. 240 (3rd Cir.1910), it was noted that an "affidavit of defense" was not technically a "pleading", but rather a procedural means of avoiding summary judgment. See

presence of a claim in assumpsit that triggered all three prongs. In turn, such blanket reliance on all three aspects sometimes led to the improper result of requiring a petition to allege a valid defense even when the action was solely in trespass. *See, e.g., Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970). Nonetheless, when the variance in requirements was not overlooked, it remained a sensible reflection of the underlying pleading difference between trespass and assumpsit actions.

The foundation upon which the distinction was based weakened in 1947. Pursuant to Pa.R.Civ.P. 1452, an "affidavit of defense" was no longer required. However, until the 1984 amendment to Rule 1001, it remained that in assumpsit all averments not specifically denied were deemed admitted, while in trespass (with certain enumerated exceptions), all averments were deemed automatically denied, pursuant to Rules 1029(b) and 1045(a), respectively.

■ A recent amendment to our Rules of Civil Procedure shattered the foundation completely. Effective July 1, 1984, Pa.R.Civ.P. 1001 abolishes any procedural differences between actions in assumpsit and trespass. All such claims are now asserted through a single vehicle known as the "civil action."

Our review of the relevant case law discloses no reason for the creation of different petition requirements other than the corollary distinction in pleading practices that was laid to rest last year. We therefore hold that consistent with the uniformity in pleading sought by the amendments to the Rules of Civil Procedure, the requisite elements of a petition to open a default judgment must be the same regardless of whether the substantive claim lies in contract or tort. We must now consider whether this single test for determining the sufficiency of a petition to open a default

*Holladay v. Fidler,* 158 Pa.Super. 100, 43 A.2d 919 (1945); *Korr v. Butz,* 155 Pa.Super. 516, 40 A.2d 699 (1945). For our analysis, it suffices to say that the filing of such an affidavit in an assumpsit action imposed a burden that did not exist in trespass actions, thus necessitating the additional burden in petitioning to open a default judgment in assumpsit only.

judgment shall contain the requirement that a meritorious defense be alleged.

■ Under Pa.R.Civ.P. 1001, as amended, a party must respond to all averments regardless of the substantive categorization of the claim. *See,* Goodrich Amram § 1001 (June, 1985). This requirement most closely resembles the old rule for assumpsit actions wherein an answer setting forth a defense had to be filed before the claim was at issue. As discussed *supra,* it was this need to initially plead a defense that necessitated the inclusion of a defense in a subsequent petition to open a default judgment. Since, under the new procedural rules, a defense must be pleaded in all actions, then every petition to open a default judgment must likewise demonstrate a valid defense.

Despite appellant's categorization of the claim as being in trespass and assumpsit, the trial judge found it to be solely in trespass. Thus, he logically concluded that the petition was sufficient even though lacking a meritorious defense, bound as he was by the existing state of the law. In light of our holding that all petitions must allege a meritorious defense, we reverse.

At the time appellees petitioned to open the judgment, the action was identified as one in trespass *and* assumpsit; even under the old test, appellees should have included a meritorious defense in the petition. However, they may have reasoned, as the trial judge subsequently did, that the action was solely in trespass despite its caption. This would excuse their omission of a meritorious defense by the old standard. Therefore, appellees must be granted the opportunity to amend the petition to include such a defense.

■ In conclusion we point out that our reversal is based solely on the petition's lack of a meritorious defense. Appellant's attack upon the explanation given for the failure to act on the original complaint is meritless. A thirty-day extension from appellant's counsel came and went without any action on the part of appellee's counsel. Thereafter, appellant's counsel sent a letter inquiring whether he could expect a pleading to be filed; there was no demand that it

be filed by a particular date, and no mention of any intention to seek a default judgment. Clearly the letter could reasonably be construed by appellee's counsel as a general extension of time, thus explaining his failure to file a pleading. *Compare Horan v. R.S. Cook and Associates, Inc.*, 287 Pa.Super. 265, 430 A.2d 278 (1981) (counsel's explanation that he thought extension was general because he habitually obtained general, "open ended" extensions, rejected as unreasonable because length of extension was stated on its face).

Reversed and remanded for proceedings consistent with this opinion.

WIEAND, J., files a dissenting statement.

WIEAND, Judge, dissenting:

Although I have no disagreement with the majority's desire to establish a uniform rule for the opening of default judgments in all civil cases, I do not believe that substance should be sacrificed to form. Here the complaint and the petition to open demonstrate sufficiently that defendants' liability for the allegedly negligent use of farm equipment will be an issue for the trier of the facts. Therefore, I would affirm the order opening the judgment.