522 A.2d 569

**Alice V. ROUNSLEY and Nancy J. Lockard T/D/B/A A & N Construction, Appellees,**

v.

**D.C. VENTRE & SONS, INC., a Corporation and International Fidelity Insurance Company, a Corporation, Appellants.**

Superior Court of Pennsylvania.

Argued October 7, 1986.

Filed Jan. 26, 1987.

Reargument Denied April 1, 1987.

---

254

Jay Y. Rubin, Indiana, for appellants.

Michael J. Toretti, Indiana, for appellees.

Before DEL SOLE, KELLY and POPOVICH, JJ.

DEL SOLE, Judge:

Presented for our consideration is an appeal from the Order of Court, filed April 21, 1986, in which Appellants' petition to open a default judgment was denied.

The procedural history of this case may be adequately summarized as follows: On July 19, 1985, Appellees filed a complaint against Appellants for payment of materials and labor performed pursuant to a contractual agreement in which Appellees agreed to install sidewalks and curbs for Appellants. Preliminary objections were filed and argued. Thereafter, on January 22, 1986, the hearing court denied Appellants' preliminary objection and, by Order of Court, directed Appellants "to file an answer within 20 days from the date of [said] order or suffer a default judgment." (Appellants' Brief, p. 4). An answer to Appellees' complaint was not filed within this period. Subsequently, on February 12, 1986, Appellees filed a praecipe for entry of a default judgment with the Prothonotary of Indiana County. Appellants later filed a petition to open the judgment on February 14, 1986. Following argument on this petition, an Order of Court was filed on April 22, 1986 refusing Appellants' petition·to open the default judgment. This appeal follows.

By their brief, Appellants raise two issues:

1. whether the Appellees were required to give notice of their praecipe to enter a default judgment, and if so, was failure to do so grounds for opening the judgment; and,

2. whether the hearing judge erred in denying Appellant's petition to open the default judgment without consideration of the equities affecting Appellants.

■ Initially we set forth our appellate scope of review. It is well settled that a petition to open a judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. *Schultz v. Erie Insurance Exchange*, 505 Pa. 90, 93, 477 A.2d 471, 472 (1984).

■ Prior to granting a petition to open judgment, the petitioner must establish that: 1. the petition was promptly filed after the judgment was entered; 2. a legitimate explanation exists; and, 3. a meritorious defense to the underlying substantive claim is advanced. *Wolfskill v. Egan*, 350 Pa.Super. 223, 224, 504 A.2d 326, 327 (1986). We are satisfied that Appellants have met the first requirement of the three-pronged standard of review inasmuch as the petition to open judgment was filed on February 14, 1986, only two days after notice of the default judgment was sent to Appellees by the Prothonotary's Office.

■ Appellants attempt to meet the burden of the second requirement by alleging that, since they did not receive proper notice of Appellees' praecipe for entry of default judgment pursuant to Pa.R.C.P. 237.1, their failure to answer the complaint should be excused. Pa.R.C.P. 237.1 provides:

a) No judgment by default shall be entered by the prothonotary *unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe*
. . . .

b) This rule does not apply to (1) a judgment entered pursuant to an order of court or rule to show cause or (2) any action subject to the provisions of Act No. 6 of 1974, P.L. 13, 41 P.S. § 101 et seq.

Pa.R.C.P. 237.1 (emphasis added).

Appellants contend that Appellees filed their praecipe on February 12, 1986 without first giving notice to Appellees

or to their defense counsel. Appellants further complain that only one of two defense attorneys was forwarded a copy of the January 22, 1986 Order of Court. Local counsel, who presumably was to file the answer to the complaint, received notice of the Order from neither the Court Administrator of Indiana County nor from co-counsel. From these circumstances, Appellants claim that, had Appellees given notice of intent to file a praecipe for entry of judgment by default, it would have alerted both defense attorneys that an order requiring an answer had been entered.

We have carefully reviewed the record and note that absent from Appellees' praecipe is the proper certification that a written notice of intention to file the praecipe was mailed or delivered to Appellees or their defense counsel. *See* Pa.R.C.P. 237.1. Moreover, Appellees do not aver that such notice was indeed sent to the proper parties; nor do they proffer any explanation as to why Rule 237.1's notice requirement was ignored.

We are mindful of the pitfalls associated with default judgments prompting the inclusion of the notice provision in Rule 237.1:

[t]he increasing number of petitions being filed in the common pleas courts throughout the Commonwealth to open default judgments and the ensuing appeals have become a matter of concern to the courts.

One part of the problem arises from the entry of "snap judgments" without notice, a practice sharply disapproved by the Superior Court, and *the lack of notice is frequently singled out as an important factor justifying the opening of a default judgment.*

Explanatory Note to Pa.R.C.P. 237.1 (emphasis added). Accordingly, we find that Appellees' failure to mail proper notice to Appellants and defense counsel resulted in the exact harm that Rule 237.1 was meant to alleviate. Therefore, we hold that Appellants have supplied this court with

an adequate excuse for their failure to answer Appellees' complaint within the twenty-day time period.[1]

Appellants posit that the January 22, 1986 Order of Court constituted a notice exception under Rule 237.1(b)(1) since the order specifically stated that Appellants had twenty days from the date of the Order to answer the complaint "or suffer a default judgment." It is argued that this Order amounts to "a judgment entered pursuant to an order" specifically exempted from the notice requirement under Rule 237.1(b)(1). This argument was successfully presented before the hearing court. *See* Opinion and Order of April 21, 1986. Insofar as the January 22, 1986 Order has engendered a great amount of confusion, we take this opportunity to comment on its true effect.

We have examined the Order and are not convinced that it worked to automatically enter judgment once the twenty days lapsed. Rather, we interpret the phrase "or suffer a default judgment" to be a mere expression by the court of the possible ramifications that could occur if Appellants' answer to the complaint was not timely filed. This view is consistent with our analysis of the facts in *Estate of Levy By Levy v. CNA Insurance Company*, 338 Pa.Super. 191, 487 A.2d 919 (1985). In that case, the Appellees, by order

---

1. We note that had Appellants included in their petition a motion to strike judgment, our discussion of the equities involved in this case would be unwarranted. "A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters dehors the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken." *Kophazy v. Kophazy*, 279 Pa.Super. 373, 375, 421 A.2d 246, 247 (1980) (citations omitted). Obviously, we would be inclined to strike the default judgment given the procedural improprieties discussed above. Unfortunately for Appellants, a petition to strike judgment was not averred. Pursuant to Pa.R.C.P. 2959(a), "[a]ll grounds for relief, whether to strike off judgment or to open it, must be asserted in a single petition." Failure to advance a motion for one or the other results in a waiver of that type of relief. Likewise, "it has been stated that a court should not *sua sponte* convert a petition to open a default judgment into a petition to strike a judgment". *Id.*, 279 Pa.Superior Ct. at 377, at 421 A.2d 248. Therefore, we must examine the merits of Appellants' arguments only within the context of a petition to open judgment and the underlying requisites of such petition.

of court, were given twenty days in which to file an answer. After this period had passed, the appellees praeciped for default judgment, but neglected to give the appellants proper notice. We opined under those circumstances that notice was necessary since the order did not enter judgment. *Id.* at 338 Pa.Superior Ct. 197, 487 A.2d 922. *See* also Pa.R.App.P. 301(c) and accompanying Explanatory Notes (a direction by the lower court that judgment shall be entered, unaccompanied by the actual entry of the order in the docket is unappealable). To interpret the January 22, 1986 Order as an entry of default judgment by the hearing court would strip Rule 237.1 of the ameliorative effect the notice requirement was meant to supply.[2]

We now turn to the third and final prong in reviewing the hearing court's refusal to open judgment. This standard directs Appellants to set out a meritorious defense to the underlying claim. This defense must amount to more than bald assertions or accusations. Rather, it "must be presented in precise, specific, clear and unmistakable terms." *Sines v. Packer*, 316 Pa.Super. 500, 504, 463 A.2d 475, 477 (1983). We have examined the arguments formulated in Appellants' brief and find that they have failed to fulfill this final requisite. We can glean neither from Appellants' brief nor from their petition to open judgment any indicia of an effort to set forth a meritorious defense.

**2.** We note that had the Order been interpreted as entering default judgment, Appellees' praecipe would have been meaningless since the default judgment would have already been entered by the hearing court. Rule 237.1 specifically states that prior notice of intent to enter a default judgment is unwarranted where the judgment has been entered by the court. A subsequent praecipe to enter default judgment would be duplicative. This point is further clarified by the Explanatory Notes accompanying Rule 237.1:

[a] second familiar illustration is an order under Rule 4019(c)(3). The court may enter a judgment of non pros or by default against a party who is guilty of violating a provision of Rule 4019(a). *Here judgment is entered by the court itself. An additional prior notice would serve no purpose.*

Since the instant Order did not serve to enter a default judgment, prior notice of intent to praecipe was still required under the Rule.

Appellants attempt to justify this omission by inappropriately citing a portion of *Hudgins v. Jewel T Discount Store,* 351 Pa.Super. 329, 505 A.2d 1007 (1986) which stated that "[i]f the equities are otherwise clear, a meritorious defense need not be demonstrated." *Id.* at 351 Pa.Superior Ct. 333, 505 A.2d 1009. This case involved an appeal from an order denying a petition to open judgment in a trespass action. In *Hudgins,* our learned colleague, Judge Popovich, thoroughly explained why a meritorious defense was not required. Prior to July 1, 1984, a petition to open judgment in a trespass action did not have to include a meritorious defense. Such petitions from a judgment sounding in assumpsit did mandate a showing of a meritorious defense. However, with the advent of an amendment to the Rules of Civil Procedure abolishing any distinction between the two actions, came the pronouncement by this court that, in *all* petitions to open judgment, there must be a meritorious defense alleged. *Wolfskill, supra,* at 350 Pa.Superior Ct. 223, 227, 504 A.2d 326, 328 (1986). In *Hudgins,* it was pointed out that the cause of action before the court was filed on April 19, 1984; therefore, it was not inconsistent to apply the standards that were in effect at the time the action was commenced. *Id.* at 351 Pa.Superior Ct. 333, n. 1, 505 A.2d 1009, n. 1. Given the particular circumstances of *Hudgins,* we find Appellants' reliance on this opinion to be misplaced. For a similar discussion, see *Petruzzi's IGA, Inc. and Paul J. Petruzzi v. Joseph Pavlick,* 358 Pa.Super. 203, 516 A.2d 1254 (1986). Accordingly, Appellants' attempt to open the default judgment must fail.

Order affirmed. Jurisdiction of this court relinquished.