537 A.2d 4

**Marie B. HECK, Appellee,**

v.

**Thomas A. HECK, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1987.

Filed Dec. 10, 1987.

Reargument Denied Feb. 5, 1988.

Lynne Z. Gold–Bikin, Norristown, for appellant.

Lind K.M. Ludgate, Reading, for appellee.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

MONTEMURO, Judge:

This case commenced with appellant's institution of a complaint in equity, filed February 24, 1986, requesting the court to set aside a post-nuptial agreement entered into by the parties. Appellee responded with preliminary objections which were overruled on June 2, 1986 by the trial court in an order requiring appellant to file an Answer within 20 days of the order. On June 27, appellee took a default judgment. Appellant's motion to open was denied on July 16, and a petition for reconsideration was filed on July 24. On July 25 appellant filed a notice of appeal to this court from the default judgment. On August 7 the trial court entered an order directing that the parties list the reconsideration petition for argument. However, on September 29 the court rescinded its August 7 order on the grounds that having failed to grant reconsideration within 30 days as is required by Pa.R.A.P. 1701(b)(3)(ii),[1] it was divested of jurisdiction to consider the petition.

On appeal, appellant argues that the court's refusal to open the default judgment was an abuse of discretion. He bases this claim on appellee's failure to give notice of her

---

1.  **(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

    (3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

    (iii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

intention to take default judgment under Pa.R.C.P. 237.1(b).[2]

■ The law is well settled that:

Prior to granting a petition to open judgment, the petitioner must establish that: (1) the petition was promptly filed after the judgment was entered; (2) a legitimate explanation exists; and (3) a meritorious defense to the underlying substantive claim is advanced.

*Rousley v. D.C. Ventre & Sons, Inc.*, 361 Pa.Super. 253, 256, 522 A.2d 569, 571 (1987). Further, "all three parts of the test should be evaluated in light of all the circumstances and equities of the case." *Autologic Inc. v. Cristinzio Movers*, 333 Pa.Super. 173, 178 n. 2, 481 A.2d 1362, 1364 n. 2 (1984); *Provident Credit Corp. v. Young*, 300 Pa.Super. 117, 131, 446 A.2d 257, 264 (1982).

■ The trial court, having correctly applied the elements of this standard, found that while the petition was indeed promptly filed and that appellant could mount a meritorious defense, nevertheless, he had failed to provide an acceptable excuse for neglecting to file his Answer within the appointed period. The explanation raised in the original petition to open was that appellant had been on vacation and was therefore unavailable to sign the Answer which had been ordered. The trial court correctly determined that this apologia was insufficient since appellant's counsel had known, months in advance, of her client's proposed absence. Further, the court noted that counsel could have attached

2. **Rule 237.1. Notice of Praecipe for Entry of Default Judgment**
    (a) No judgment of default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.
    (b) This rule does not apply to (1) a judgment entered pursuant to an order of court or rule to show cause or (2) any action subject to the provisions of Act No. 6 of 1974, P.L. 13, 41 P.S. § 101 *et seq.*

her own verification to the Answer pursuant to Pa.R.C.P. 1024(c).[3]

We see no reason to disagree with this analysis, and none is provided in appellant's brief. Instead appellant now attempts to argue that the default judgment should be opened because he was not provided with notice of its entry as Rule 237.1(b) requires. Appellant claims to have raised this issue in his original motion to open judgment of July 2, 1986. Moreover, he argues that the court's rationale in denying the motion was that "the judgment entered against the defendant resulted from his failure to plead over within twenty (20) days of the overruling of his preliminary objections, and that under Rule 237.1(b), no notice was required." (Brief of appellant at 9). As neither of these assertions is corroborated by the record, we need not address the merits of appellant's claim.

■ We note, however, in examining the procedural flaw which has determined the outcome of this case, that:

Rule 1701 contemplates that when a motion for reconsideration is *denied,* the prior appeal retains its validity; however, when reconsideration is *granted,* the prior appeal becomes inoperative and appeal time will run anew after the lower court reconsiders the merits of the claim and enters a new order.

*Dillon by Dillon v. National Railroad Corporation (AMTRAK),* 345 Pa.Super. 126, 130, 497 A.2d 1336, 1337 (1985). In this case although the appeal and the petition for reconsideration were contemporaneous, having been filed on two successive days, the court never ruled on the petition. The comment to Pa.R.A.P. 1701 Subsection (b)(3) provides that:

3. Rule 1024.
     (c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge of information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party.

"If the trial court or other government unit fails to enter an order 'expressly granting reconsideration' (an order that 'all proceedings shall stay' will not suffice) within the time prescribed by these rules for seeking review, Subdivision (a) becomes applicable and the power of the trial court or other government unit to act on the application for reconsideration is lost."

As a result, the trial court could not have and did not reason as appellant insists, having had no opportunity to do so. The court documents reveal that the notice problem was not put into issue until September 11, 1986, when appellant filed a motion to strike. By that time, the 30 day period from the filing of the reconsideration petition on July 24 had already run. The court's failure to rule on the petition thus became the functional equivalent of a denial and no jurisdiction remained. The issue of Rule 237. notice was therefore waived.

Accordingly, having concluded on the only issue before us that the court acted properly in in refusing to open the default judgment, we affirm.

Order affirmed.