562 A.2d 327

**Richard G. HANNA, Jr., d/b/a Hanna International–GMC, Appellee,**

v.

**KEY COMPUTER SYSTEMS, INC., Appellant.**

Superior Court of Pennsylvania.

Argued March 9, 1989.

Filed July 3, 1989.

Reargument Denied Aug. 14, 1989.

---

Mark A. Givler, Lock Haven, for appellant.

Donna L. Rae, Lock Haven, for appellee.

Before McEWEN, OLSZEWSKI and POPOVICH, JJ.

McEWEN, Judge:

We here consider an appeal from an order which denied the petition of appellant to open a default judgment in the amount of $117,444.76, entered in favor of appellee upon a claim of breach of a contract for the sale and licensing of computerwares. After extended and intense deliberation, we reverse.

The record discloses the following chronology in this 1987 Clinton County Common Pleas Court action:

March 11—Complaint filed.

March 17—Complaint served.

March 30—The president of appellant forwards to counsel for appellee a statement outlining appellant's defense.

April 6—The president of appellant and counsel for appellee discuss the claim by telephone. Settlement was mentioned, but the amount of settlement was not discussed.

—Counsel for appellee forwards to appellant a notice of default judgment.

April 8—Counsel for appellee presents, in a letter to the president of appellant, a settlement demand, as well as an ultimatum that appellant provide for a response no later than "Friday, April 16" (April 16 was actually a Thursday). Counsel for appellee also advised that appellee would take further action, if appellant failed to respond, but made no reference to the notice of default letter sent two days earlier.

April 9/10—The president of appellant advises counsel for appellee that the offer is unacceptable.

April 20—Counsel for appellee at 8:30 a.m. on this Monday morning proceeds to the entry of default judgment.

May 1—Appellant files a petition to open default judgment.

When the trial court dismissed the petition and refused to open the judgment, this timely appeal followed.

■ Our review is controlled by the firmly established principle that before a court may exercise its discretion to open a default judgment, the moving party must show (1) that the petition to open was promptly filed, (2) that a meritorious defense exists, and (3) that the failure to act can be reasonably explained. *See: Rounsley v. D. C. Ventre & Sons, Inc.,* 361 Pa.Super. 253, 256, 522 A.2d 569, 571 (1987); *Wolfskill v. Egan,* 350 Pa.Super. 223, 224, 504 A.2d 326, 327 (1986).

Since appellee does not dispute that appellant proceeded promptly to open the judgment, and that appellant has alleged the existence of a meritorious defense, the sole issue for judicial scrutiny is whether appellant presented a reasonable excuse for its failure to plead in timely fashion.

■ It is well settled that a petition to open a judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, the ruling of the trial court will not be disturbed on appeal. *Schultz v. Erie Insurance Exchange,* 505 Pa. 90, 93, 477 A.2d 471, 472 (1984). As our esteemed colleague Judge Donald E. Wieand reechoed in *Buxbaum v. Peguero,* 335 Pa.Super. 289, 484 A.2d 137 (1984), " '[o]ur considerations as to the presence or absence of these requirements is tempered by our application of equitable principles, for we sit as would a chancellor in equity to determine how best justice can be served.' " *Id.,* 335 Pa.Superior Ct. at 294, 484 A.2d at 140 *quoting Toplovich v. Spitman,* 239 Pa.Super. 327, 329, 361 A.2d 425, 426 (1976). *See also: Chervenak, Keane & Company, Inc. v. Hotel Rittenhouse Associates, Inc.,* 328 Pa.Super. 365, 371, 477 A.2d 487, 490 (1984).

There is sound basis for the decision of the trial court to refuse to open the default judgment. The appellant must, of course, be charged with the dreadfully poor judgment displayed by its president who demonstrated an awareness of (1) the considerable amount of the claim, (2) the need to engage in legal procedures, (3) the need to rely upon those procedures in timely fashion, and (4) the severe adverse consequences of a failure to do so. The president of appellant attempted to display to counsel for appellee a sophisticated knowledge of legal affairs, but has revealed instead a shallow conceit which associates must find offensive.

Nonetheless, after careful reflection, including particular emphasis upon the following equities, we are compelled to conclude that the default judgment should be opened so as to enable the claim to be the subject of a trial:

There exists, as appellant concedes, a meritorious defense to a claim of a considerable amount.

\* \* \* \* \* \*

Counsel for appellant communicated with counsel for appellee on April 20, 1987, thirty-four days after the complaint was served.

Counsel for appellant filed a petition to open on May 1, 1987, so that, in effect, the issue was joined forty-four days after the complaint was served. As a result, the delay imposed upon appellee was minimal and any prejudice suffered by appellee was negligible.

\* \* \* \* \* \*

The discussion of settlement was entered upon by the parties within the twenty day deadline for responding to the complaint. Appellee during that settlement discussion extended the deadline for response to the complaint, affording to appellant the color of excuse for concluding that rigid compliance with the extended deadline was not a matter of essential urgency.

It is well established that an appellate court may not substitute its judgment for that of the trial court. We do not here do so. Rather, we are compelled to the conclusion that the refusal of the trial court to open the default judgment composed an abuse of discretion.[1]

1. The standard of review most commonly employed by the appellate courts is to determine whether the decision of the trial court composes an "abuse of discretion". That phrase is generally defined as "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence in the record, discretion is abused." *Melzer v. Witsberger*, 505 Pa. 462, 475 n. 8, 480 A.2d 991, 997 n. 8 (1984) quoting *In re Women's Homeopathic Hospital of Philadelphia*, 393 Pa. 313, 316, 142 A.2d 292, 294 (1958). It is thus apparent that the term "abuse of discretion" covers a wide range of judicial mishap, from imprecision to misfeasance.

The trial court has here proceeded to an application of the prevailing law to a particular factual situation in reaching a conclusion. We have engaged in that same process but reach a quite opposite conclusion. We have not, however, simply engaged in the substitution of our judgment for that of the trial court. Rather, we have a deep and serious difference of opinion with the trial court as to the effect of the application of the law to the facts of the case. Since this appellate tribunal is a constant witness to the intense and careful study provided by the trial judges of this Commonwealth to the issues which confront them, it seems somewhat inappropriate, when a disagreement with the trial court, even though deep, is but a difference of opinion, to label that difference of opinion "an abuse of discretion".

Thus, the appellate courts might better serve to rely for reversal, in such cases, upon a different label, such as, for example, the phrase—

Order reversed. Case remanded. Jurisdiction relinquished.

POPOVICH, J., files a dissenting statement.

POPOVICH, Judge, dissenting.

I dissent. The majority correctly states the standard of review which we employ presently: "[B]efore a court may exercise its discretion to open a default judgment, the moving party must show (1) that the petition to open was promptly filed, (2) that a meritorious defense exists, and (3) that the failure to act can be reasonably explained. *See: Rounsley v. D.C. Ventre & Sons, Inc.,* 361 Pa.Super. 253, 256, 522 A.2d 569, 571 (1987)[.]" Majority Opinion at 10. *See also Jung v. St. Paul's Parish,* —— Pa. ——, 560 A.2d 1356 (1989). The majority, applying that standard and, at the same time, invoking broad equitable powers, reverses the decision of the lower court.

While I do not believe that appellant has offered a reasonable explanation for his failure to plead in a timely manner, the majority cites, as a reasonable explanation, the following:

The discussion of settlement was entered upon by the parties within the twenty day deadline for responding to the complaint. Appellee during that settlement discussion extended the deadline for response to the complaint, affording to appellant the color of excuse for concluding that rigid compliance with the extended deadline was not a matter of essential urgency. (Majority Opinion at 12).

However, the majority also states:

There is sound basis for the decision of the trial court to refuse to open the default judgment. The appellant must, of course, be charged with the dreadfully poor judgment displayed by its president ... The president of

"carefully considered difference of opinion". Such a term does not loose the restriction that we refrain from substitution of our opinion for that of the hearing court. Rather, it simply substitutes a label which more aptly, and, perhaps more sensitively, describes the basis for appellate reversal of the hearing tribunal.

appellant attempted to display to counsel for appellee a sophisticated knowledge of legal affairs, but has revealed instead a shallow conceit which associates must find offensive. (Majority Opinion at 10–12).

Upon review, I am convinced that appellant has not offered a reasonable excuse for his failure to plead in a timely manner. This is not a case where judgment should be opened because appellant's counsel, through oversight or incompetence, deprived the appellant of his "day in court." *See Jung, supra; Commonwealth, Dept. of Transportation v. Nemeth*, 497 Pa. 580, 442 A.2d 689 (1982), citing *Johnson v. Yellow Cab Co.*, 226 Pa.Super. 270, 307 A.2d 423 (1973). Rather, the cavalier attitude of appellant's president was the sole cause of appellant's failure to plead in a timely manner, not the appellee's gratuitous extension of the initial filing deadline as cited by the majority. As such, I am unable to conclude that the trial court's refusal to open the judgment constituted an abuse of discretion.