**Pocono Realty Co. v. Tretheway**

C.P. of Monroe County, no. 2389 Civil 1995.

*Edwin Krawitz,* for plaintiff.
*William J. Reaser Jr.,* for defendant.

WALLACH MILLER, *J.,* May 9, 1996—Defendant Barry Tretheway petitions this court to strike or open a judgment entered against him by plaintiff Pocono Realty Company. This case began on August 31, 1995, when Pocono Realty filed a complaint against Tretheway. Tretheway was served with the complaint on the same day, but there is a dispute as to when Tretheway's attorney, William Reaser was served. Pocono Realty's attorney, Edwin Krawitz, alleges that he placed notice in Reaser's courthouse mailbox on August 31, 1995. Reaser, contrarily, alleges that he did not receive notice until September 11, 1995.

On September 22, 1995, Pocono Realty, through Krawitz, mailed a notice of intent to take default judgment to the same Pennsylvania address to which the complaint had been served on Tretheway. Tretheway, however, had moved to Florida in early September. Further, Tretheway alleges that as of the date of the filing of the instant petition, he had yet to receive notice of Pocono Realty's intent to take default judgment. Reaser, who Krawitz knew was representing Tretheway but who had not yet formally entered his appearance, was not served.

On October 3, 1995 at 9:30 a.m., Tretheway, through Reaser, filed preliminary objections to Pocono Realty's complaint. At 9:15 a.m. on the same day, however,

Pocono Realty had filed a praecipe to enter default judgment against Tretheway. On October 5, 1995, Tretheway filed the petition presently before the court. In his petition, Tretheway seeks to have the judgment entered against him stricken, or in the alternative opened, so that he may be given an opportunity to respond. Briefs and oral argument have been entertained on the matter, and we are now prepared to dispose of the petition.

In Pennsylvania, there are three factors a moving party must establish before the court may open a default judgment. The moving party must prove: (1) the petition to open was promptly filed; (2) a meritorious defense exists; and (3) the failure to act can be reasonably explained. *Schultz v. Erie Insurance Exchange,* 505 Pa. 90, 93, 477 A.2d 471, 472 (1984); *Hanna v. Key Computer Systems Inc.,* 386 Pa. Super. 8, 10, 562 A.2d 327, 328 (1989), *alloc. denied,* 524 Pa. 628, 574 A.2d 69 (1990); Pa.R.C.P. 237.3. Further, as the Superior Court has noted, "[o]ur consideration[s] as to the presence or absence of these requirements is tempered by our application of equitable principles, for we sit as would a chancellor in equity to determine how best justice can be served." *Buxbaum v. Peguero,* 335 Pa. Super. 289, 294, 484 A.2d 137, 140 (1984), quoting *Toplovich v. Spitman,* 239 Pa. Super. 327, 329, 361 A.2d 425, 426 (1976). Once these factors are established by the moving party, the court may exercise its equitable powers to open a default judgment. *Hanna, supra* at 10, 562 A.2d at 328. In the instant case, we find that the requirements discussed above have been met.

First, Tretheway filed his petition to strike or open judgment on October 5, 1995, two days after the default judgment was taken. Thus, he has fulfilled the requirement that the petition be promptly filed. Second, the preliminary objections proposed by Tretheway allege that Pocono Realty's complaint is deficient due to lack

of specificity, legal insufficiency, and failure to join a necessary party. These arguments are based on Tretheway's underlying contention that there was no contract created between himself and Pocono Realty. After reviewing Pocono Realty's complaint, we find Tretheway's contention may be a meritorious, if not compelling, defense. Further, we note that while Pa.R.C.P. 237.3 only discusses meritorious defenses in the context of complaints and answers, the rationale behind the rule logically extends to preliminary objections. As such, we find that Tretheway has asserted a meritorious defense, and that the second requirement to strike or open a judgment is satisfied.

That leaves us to determine if the final requirement has been met, to wit, whether Tretheway has offered a reasonable explanation for the delay which resulted in the entry of a judgment being entered against him. Tretheway explains that he did not respond to the notice of intent to take default judgment because he never received such notice, and was therefore unaware that a default judgment was impending. We credit Tretheway's assertion that, having moved to Florida, he did not receive the notice that was mailed to his former Pennsylvania address. Also, Pocono Realty, through Krawitz, concedes that it did not serve notice of intent to take default judgment on Reaser.

We find it curious that Pocono Realty elected not to serve Reaser, given that Krawitz and Reaser had communicated several times regarding this case on behalf of their respective clients. In fact, Krawitz had prepared a form for acceptance of service of the complaint by Reaser on Tretheway's behalf. We credit Reaser's argument that the form was predated August 31, 1995, that he received the form on September 11, 1995, and that he changed the form to reflect the latter date as the date of acceptance of service. Further, Reaser and Krawitz had telephone conversations about the case,

during which time Reaser informed Krawitz of his intention to file preliminary objections to the complaint. At no time did Krawitz inform Reaser that Tretheway had been served with the complaint on August 31, 1995, or with a notice of intent to take default judgment on September 22, 1995. Pocono Realty responds to these assertions by arguing that, under the Pennsylvania Rules of Civil Procedure, since Reaser had not formally entered an appearance on Tretheway's behalf, it had no obligation to serve or otherwise inform Reaser.

We disagree with Pocono Realty's contention that it had no obligation to serve Reaser, since he was not an attorney of record. We believe that both professional courtesy and the prior dealings of the attorneys on this matter dictate otherwise. Additionally, fairness mandates that Pocono Realty and its attorney must act consistently in its recognition of Reaser as Tretheway's attorney. In other words, we will not allow Pocono Realty to recognize Reaser as Tretheway's attorney for purposes of accepting service of the complaint, and then assert that under the rules, they need not recognize Reaser as Tretheway's attorney for purposes of giving notice of intention to take default judgment. We do not appreciate Pocono Realty's attempts to use the rules as both a sword and a shield, and we will not reward their efforts to do so. As such, we find that Tretheway did not receive proper notice of Pocono Realty's intent to enter a default judgment against him. This operates as a reasonable explanation as to why Tretheway allowed judgment to be entered against him, and therefore he has satisfied the final requirement necessary to strike or open a default judgment.

Having found that these requirements have been met, we elect to exercise our discretion to open the judgment in this case. We are also moved to comment on the unprofessional behavior displayed in this action. The conduct witnessed by the court demonstrates a general

346

lack of respect for fellow attorneys, as well as a disregard of professional responsibility appropriate for a member of the bar. It is precisely this type of behavior that contributes to the decline of the practice of law from that of a respected profession to that of a commonplace business. We will not permit this regrettable transition in our courtroom.

For the above reasons, therefore, we enter the following order.

## ORDER

And now, May 9, 1996, defendant's petition to open the judgment is granted.