Steehler, Appellant, *v.* Ella Volk et al.

Argued April 11, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Frank B. Quinn,* and with him *Charles H. English* and *Raymond P. Leemhuis,* for appellant, cited: Pepper v. Cairns, 133 Pa. 114; Reformed Presbyterian Church v. Livingston, 210 Pa. 536; Atlantic Life Ins. Co. v. Rowland, 22 Federal, 2nd Series, p. 126; Dobbs, Exr. v. Zink et ux., 290 Pa. 243.

*Henry C. Baur,* for appellees, cited: Pileczanthis v.

Andrukastis, 72 Pa. Superior Ct. 5; Colt v. Benjamin, 72 Pa. Superior Ct. 5.

OPINION BY TREXLER, P. J., July 14, 1933:

This is a petition to open judgment upon a bond of a mortgage given by Ella Volk and Charles Volk, her husband, and Charles Volk, Junior, to William Steehler, the plaintiff. One of the petitioners, Ella Volk, desiring to make a mortgage loan upon premises in which she owned a part interest saw an advertisement in the newspaper to the effect that Attorney Charles A. Mertens was loaning money upon mortgages. She went to his office and requested him to obtain a loan for herself for the purpose of paying taxes and other obligations. Mr. Mertens communicated with the plaintiff for whom he had acted as attorney on previous occasions and for whom he had obtained mortgages under similar circumstances previously. The plaintiff having been given the name and address of petitioners, then went to their store and home for the purpose of satisfying himself as to the security of the proposed loan, and reported favorably to Mr. Mertens, who searched the title and ascertained for the plaintiff that the mortgage would be a first lien, if the taxes were paid. Mrs. Volk, the petitioner, executed the bond and mortgage together with her husband and son and left the same with Mr. Mertens for him to record on the date noted therein, November 9, 1931. She testified that at the time the transaction was closed, he took out all of the delinquent tax cards, figured out the amounts due thereon and made out his own checks to her for those amounts. She testified that Mr. Mertens insisted that she endorse them over to the various tax collectors for the reason that his client wanted him to see that the taxes were paid. Four of the checks were never paid and were found in the files of Mr. Mertens along with the tax cards after his death.

The petition alleges that there is due to the defendants in the judgment the sum of $523.92 this sum being made up by taking the amount of the checks which were drawn to pay the taxes, and which were never used and the amount of $3 for the recording of the mortgage and the fee of $75 charged by Mr. Mertens. The whole matter hinges upon the question whether Mertens, can, be regarded as acting for Steehler in the transaction, who in consequence of delegated authority was responsible for his acts, or were the obligors in the bond liable for Mertens' misapplication of the funds.

We are of the opinion that the court erred in opening the judgment. In the proceedings to open the judgment the burden is, of course, upon the petitioners. There seems to be no doubt that Mertens was acting for both parties. Mrs. Volk desired him to obtain the loan and Mr. Steehler wanted to be sure that his money was properly secured, and he was serving the ends of both. However, an examination of Mrs. Volk's own testimony shows that after the money was passed to Mertens he was acting for her. The most significant part of the whole transaction is that she had the means put in her hands for paying the taxes, but delegated their payment to Mr. Mertens, who thus became her agent. Her testimony that Mr. Mertens said he was doing it for Steehler bears no weight for the checks were payable to her and each one was to be applied specifically to the payment of certain taxes. Of course, the giving of the checks was to conserve Mr. Steehler's security, and when Mertens gave the checks to Mrs. Volk he may have been carrying out Steehler's instructions, but his agency for Steehler stopped right there.

In answer to the question; "After you endorsed these checks, you went home and were satisfied that Mr. Mertens, on your behalf, had taken care of your

taxes for you? Her answer was, "Yes, as an honest man." We do not see how Mr. Steehler, the mortgagee, can be held responsible for the loss occurring from the misplaced confidence of Mrs. Volk in Mr. Mertens.

We all agree, irrespective of the other facts, that this standing alone, exonerates the mortgagee from any liability for the misapplication of the money by Mr. Mertens. As to the matter of the recording fee and the charge made by Mr. Mertens as his fee, there is no definite proof that would fix the liability for the payment of these items upon Mr. Steehler. Mrs. Volk evidently knew that Mertens had the money which he was paying her in partial payments, and she testified that when she received the last check prior to the 17th of March, the day Mertens died, the transaction was complete, that she had received all the money and that as far as she was concerned the affair was over, and she had received everything. Evidently the matter of the deduction of his fee and the cost of recording the mortgage from the sum in Mertens hands was an afterthought. She answered affirmatively, "Mertens was to pay the taxes and various expenses?" It was Mrs. Volk's mistake in not using the checks which were given to her and personally seeing that the taxes were paid, which caused the loss. The familiar rule applies that where two innocent persons must suffer the one who has enabled the wrong-doer to perform the act, which brings the loss, must suffer the consequences. However far Mr. Mertens agency for Steehler extended in the transaction in regard to the payment of delinquent taxes, after the checks were made to her, he was the agent for Mrs. Volk, and she must bear the loss, and in regard to the other claims for sums deducted for fee and recording charge, which are claimed against the mortgage, there is no adequate proof to fix any liability on the part of Steehler. We

conclude that the court, in view of the testimony, above referred to, erred in granting the petition to open.

The order of the court opening the judgment and staying the proceedings is reversed, and the petition to open is dismissed. Appellees to pay the costs.