614

## JOHN MARTIN STRAWHORN v. JANET B. STRAWHORN

[No. 1135 (On Remand), September Term, 1980.]

*Decided November 3, 1982.*

The cause was submitted on remand to GILBERT, C. J., and MOYLAN and MASON, JJ.

MASON, J., delivered the opinion of the Court.

In *Strawhorn v. Strawhorn*, 49 Md. App. 649 (1981), we held, among other things, that the chancellor did not err in awarding exclusive possession and use of the family home to Janet P. Strawhorn and her minor child of a former marriage, under § 3-6A-06 (a) of the Courts and Judicial Proceedings Article. After granting certiorari in this case, the Court of Appeals deferred action on the matter pending disposition of the case of *Donald L. Bledsoe v. Pamela J. Bledsoe,* No. 98, S.T. 1981. On 9 August 1982, the case of *Bledsoe* was decided, and the Court of Appeals held that under § 3-6A-06 (a) of the Courts and Judicial Proceedings

Article, a court can only award exclusive use and possession of the family home to a spouse with custody of a natural or adopted child, and that a stepchild (such as in *Strawhorn*) is not included within the scope of the statute.

In a per curiam order dated 13 September 1982, the Court of Appeals vacated the judgment of this Court in *Strawhorn* and remanded the case for further proceedings in light of its opinion in *Bledsoe*. Pursuant to this order, we modify our opinion in *Strawhorn* to the extent it conflicts with *Bledsoe* and hold that the chancellor erred as a matter of law in awarding exclusive use and possession of the family home to Janet P. Strawhorn and her minor child of a former marriage.

> *Order affirmed in part and reversed in part; case remanded for further proceedings on the issue of alimony; costs to be divided equally between the parties.*