489 A.2d 259

**AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellant,**

**v.**

**ZION & KLEIN, P.A., and the Fidelity Bank, Appellees.**

Superior Court of Pennsylvania.

Argued July 12, 1984.

Filed March 8, 1985.

476

Robert E. Slota, Bryn Mawr, for appellant.

Michael G. Trachtman, Norristown, for appellees.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

WIEAND, Judge:

This is an appeal by a judgment creditor from an order awarding counsel fees to a garnishee who was required to defend an attachment execution which, the court found, had been pursued in a vexatious manner. We conclude that counsel fees were properly awarded and, therefore, affirm.

■ The Judicial Code, at 42 Pa.C.S. § 2503, provides that certain litigants shall be entitled to reasonable counsel fees as part of taxable costs. Included is "(7) [a]ny participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." Vexatious conduct has been defined as that which is "without sufficient grounds and serving only to cause annoyance." *Chervenak, Keane & Co. v. Hotel Rittenhouse Associates, Inc.*, 328 Pa.Super. 365, 372, 477 A.2d 487, 490 (1984) quoting *Santoro v. City of Philadelphia*, 59 Pa.Cmwlth. 114, 122, 429 A.2d 113, 117 (1981). The amount of counsel fees in such instances depends upon the exercise of a sound discretion by the trial court. *Chervenak, Keane & Co. v. Hotel Rittenhouse Associates, Inc., supra*, 328 Pa.Superior Ct. at 372, 477 A.2d at 491; *Shearer v. Moore*, 277 Pa.Super. 70, 78, 419 A.2d 665, 669 (1980).

In the instant case, American Mutual Liability Insurance Co. (AMI) held a judgment against Zion & Klein, P.A., for

$7,682.75. This was the basis for an attachment execution issued by AMI to The Fidelity Bank (Fidelity), which was named garnishee. The writ sought to attach accounts in the names of "Zion & Klein, P.A.," and "Benson Zion Associates." Although Fidelity immediately put a hold on both accounts, it subsequently released the Benson Zion Associates account when it learned that it was owned by a separate entity which threatened legal action if its funds were witheld. This information was given to AMI's counsel, who was told that the situation was unusual and that Fidelity's answers to interrogatories would be delayed pending further investigation. AMI insisted that the Benson Zion Associates account was available for payment of the debts of Zion & Klein. When answers to interrogatories were not filed by the twentieth day following service, AMI caused a default judgment to be entered against Fidelity, without notice, on the twenty-first day. Unaware that a default judgment had been entered against it, Fidelity filed answers to the interrogatories on the twenty-seventh day. When Fidelity thereafter learned of the entry of the default judgment, it promptly notified AMI that answers had been filed and requested that AMI agree to remove the default judgment. It suggested to AMI that its default judgment was defective for failure to give the notice required by Pa.R.C.P. 237.1 and cited AMI to the official commentary to the rule which instructed that the rule was applicable to attachment executions issued under Pa.R.C.P. 3146. When AMI refused to act, Fidelity was forced to employ counsel who filed a petition to strike or open the judgment and obtained a stay of execution, for which Fidelity was required to post a bond. Fidelity's counsel also forwarded to AMI's attorney a copy of the slip opinion of the Supreme Court in *Queen City Electrical Supply Co. v. Soltis Electric Co.,*[1] and called attention to Footnote 8 wherein the Court had noted the applicability of Pa.R.C.P. 237.1 to default judgments entered against garnishees. AMI contin-

1. This opinion is reported at 491 Pa. 354, 421 A.2d 174 (1980).

ued to refuse any agreement to open or strike the judgment against Fidelity. This continued even after Fidelity proposed separate litigation to determine whether the Benson Zion Associates account had been properly subjected to attachment for payment of debts owed by Zion & Klein, P.A. AMI's continuing attempts to force Fidelity to pay the Zion & Klein judgment or collect payment thereof from Zion & Klein were clearly without foundation and served only to increase Fidelity's counsel fees. In addition, AMI rejected proposals by Fidelity to submit the underlying issue for decision to the court in an expeditious and inexpensive manner without the taking of depositions. Ultimately, the judgment was stricken by court order.[2]

The default judgment which AMI caused to be entered against Fidelity without notice on the twenty-first day, when it knew that Fidelity's answers had been delayed because of its efforts to determine the relationship between Benson Zion Associates and Zion & Klein, P.A., was patently defective. Its attempt to use that invalid judgment as a device by which to force Fidelity to settle or obtain payment of AMI's claim against Zion & Klein, P.A., was without legal support. This conduct by AMI, the trial court could find, was arbitrary, obdurate and vexatious. An award of counsel fees as taxable costs, therefore, could properly be made. See and compare: *Brenckle v. Arblaster*, 320 Pa.Super. 87, 93–95, 466 A.2d 1075, 1078–1079 (1983); *In re Estate of Roos*, 305 Pa.Super. 86, 451 A.2d 255 (1982). See also: *Queen City Electrical Supply Co. v. Soltis Electric Co., supra; Chervenak, Keane & Co. v. Hotel Rittenhouse Associates, Inc., supra*, 328 Pa.Superior Ct. at 372–373, 477 A.2d at 490–491; *Santoro v. City of Philadelphia, supra,* 59 Pa.Cmwlth. at 121–122, 429 A.2d at 117–118.

2. In the meantime, AMI's judgment against Zion & Klein, P.A. had also been stricken. An appeal therefrom was non prossed. Following the striking of the underlying judgment, AMI continued to refuse to open the judgment against Fidelity unless Fidelity agreed to withdraw a pending request for counsel fees.

■ We reject AMI's argument that the arbitrary and vexatious conduct in this case was the product of counsel's beligerence and that Fidelity's counsel fees, therefore, should have been assessed against counsel and not his client. The general rule is that "[a] client is liable to a third person who is injured by an act which the attorney does in the execution of matters within his authority. 3 P.L.E., Attorneys § 31. See also: *Steehler v. Volk,* 109 Pa.Super. 190, 167 A. 424 (1933).

■ The trial court's award of counsel fees was based on 42 Pa.C.S. § 2503(7) and we have reviewed its order in that light. It may be observed, however, that Fidelity was also entitled to recover counsel fees under and by virtue of 42 Pa.C.S. § 2503(3). As a garnishee, it was not in possession of property of the debtor, Zion & Klein, P.A., other than that admitted in its answers to AMI's interrogatories. Appellant has never been able to demonstrate that the Benson Zion Associates account was properly subject to attachment for the debts of Zion & Klein, P.A.

■ An award of counsel fees is intended to reimburse an innocent litigant for expenses made necessary by the conduct of an opponent. Such an award is not usually intended to include reimbursement for fees and expenses incurred in proceedings to recover such attorney's fees under 42 Pa.C.S. § 2503. Cf. *Weidner v. Workmen's Compensation Appeal Board,* 497 Pa. 516, 442 A.2d 242 (1982). In the instant case, however, the request for counsel fees was included in the petition to open/strike the judgment; and it does not appear that the award of counsel fees included fees attributable to counsel's representation of Fidelity at the hearing on its claim for such counsel fees. The award of counsel fees in the amount of $2,821.00 does not constitute an abuse of discretion.

The order is affirmed.

POPOVICH, J., dissents.