## Rush v. McNett

*Deborah Gilbert,* for plaintiff.
*Sanford S. Finder,* for defendant.

GRIMES, *P.J.,* September 19, 1986—Plaintiff filed an action for judgment against defendant in the amount of $612.15 in the Court of District Justice Ruth Hughes. Judgment was entered on June 13, 1985, in that amount plus costs of the proceeding. On or about July 12, 1985, defendant filed a Notice of Appeal with the Prothonotary of this Court but did not comply with the service requirements of Pennsylvania Civil Procedure for District Justice Rule 1005B. To date no affidavit of service has been filed. On or about October 4, 1985, the notice of appeal was served on plaintiff and on October 8, 1985, plaintiff filed a praecipe to strike appeal pursuant to Pennsylvania Civil Procedure for District Justice Rule 1006 for failure to comply with Rule 1005B.

No further action was taken by defendant at that time.

On or about May 19, 1986, plaintiff filed the transcript of judgment of the district justice with the prothonotary. On or about August 4, 1986, defendant filed a motion to strike judgment and a rule was issued setting a hearing date of August 25, 1986. On or about August 13, 1986, plaintiff filed an answer to the rule and new matter. At the time of hearing the court heard arguments of counsel and granted counsel 20 days to file legal brief or memorandum of law which counsel chose not to file.

## DISCUSSION

*Issues:*

1. Whether an appellee may strike an appeal for the failure of an appellant to comply with the Pennsylvania Civil Procedure for District Justices.

2. Whether plaintiff is entitled to counsel fees under 42 Pa. 2503 as a result of the Defendant violating the Pennsylvania Rules of Civil Procedure for District Justices.

(1) Pa.R.C.P.D.J. 1006, "Striking Appeals," states that, "Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown." The passage is followed by the note, "This rule is intended to provide sanctions for failing to act within the time limits prescribed."

Rule 1005B requires apellant to file a proof of service of copies of his notice of appeal with the prothonotary, as well as proof of service of a rule upon the appellee to file a complaint if required to do so, within five days after filing notice of appeal. Rule 1006

expressly states that the penalty for failure to do so is a striking of the appeal upon praecipe of the appellee.

Appellant here filed his notice of appeal on or about July 12, 1985. Under Rule 1005B, he was required to file proof of service of copies of this notice no later than July 17, 1985. He did not do so nor has it been accomplished more than one year later.

Since the language is mandatory ("shall"), the prothonotary has no choice but to comply with Rule 1006 and strike appellant's appeal from the record upon receipt of appellee's praecipe.

Defendant has not shown good cause to justify reinstatement of the appeal and such a request at present would not be timely.

(2) The Judicial Code at 42 Pa.C.S. §2503 provides that certain litigants shall be entitled to reasonable counsel fees in certain cases such as "for dilatory, obdurate or vexatious conduct" (2503(6) and (7)), and "arbitrary, vexatious or in bad faith" (2503(9)) during the pendency of a matter.

Award of counsel fees is intended to reimburse innocent litigants for expenses made necessary by inexcusable conduct of opposing party. American Mutual Life Insurance Company v. Zion & Klein, P.A., 339 Pa. Super. 475, 489 A.2d 259 (1985). It is wholly within the discretion of the trial court, and must be grounded on the actual abuses of the party to be charged. Shearer v. Moore, 277 Pa. Super. 70, 419 A.2d 665 (1980).

Arbitrary conduct is that which is based on random or convenient selection or chance rather than on reason or nature. In Re: Estate of Roos, 305 Pa. Super. 86, 451 A.2d 665 (1982). Vexatious conduct is that which is instituted without sufficient grounds and only to cause annoyance. Santoro v.

City of Philadelphia, 59. Pa. Commw. 114, 429 A.2d 113 (1981).

Bad faith is defined as motivations arising from fraud, dishonesty or corrupt desire. Frick v. McLelland, 384 Pa. 597, 122 A.2d 43, 45 (1956). Frivolous conduct occurs even when the actor knows that his justification or chances of success, or both, are only slight. Appeal of Langmaid Lane Home Owners Association, 77 Pa. Commw. 53, 465 A.2d 72 (1983). Dilatory conduct is that which is engaged in solely for the purpose of delaying proceedings, and is frivolous. Id. Obduracy is that which is engaged in for purposes of obstructing the course of the action, unreasonable refusal to cooperate. Chervenak, Keane & Company v. Hotel Rittenhouse Associates Inc., 328 Pa. Super. 365, 477 A.2d 487, 490 (1984).

The applicable provisions have been applied by the courts on numerous occasions, and reviewed almost as often. Typically the courts have held that (1) because the decision is within the discretion of the trial court, it is permissible rather than mandatory to grant fees, and (2) the conduct that prompts an application for counsel fees must be outside the bounds of acceptable behavior in the sole eyes of the trial court. Conduct of this nature is extreme or exceptional conduct, not the typical tactics of diligent, zealous or misinformed parties, which is to say "intentional."

Plaintiff here has failed to show that appellant-defendant's failure to comply with the time limit set by Pa.R.C.P.D.J. 1005B and the subsequent untimely motion to strike the judgment were intentional or willful acts aimed at delay, obstruction, confusion, deceit, or other evil or malicious ends. Nor has he demonstrated any quality or frivolity in defendant's failure. The record before this court

lends itself only to an appearance of carelessness or innocent mistake. There is no clear and uncontrovertible evidence of intentional disregard for the rules, the court, or plaintiff.

Consequently, this is not an appropriate case for the award of punitive counsel fees under 42 Pa.C.S. §2503. The fact that appellant's appeal itself is quashed by action of Rule 1006 is sufficient response to the appellant's failure to pursue that appeal in the manner prescribed by statute.

## CONCLUSION

Plaintiff's motion to strike defendant's appeal was warranted under Pa. R.C.P.D.J. 1006 for failure to comply with Rule 1005. Defendant's motion to strike judgment was not timely nor was good cause shown to warrant such action. Plaintiff's motion for counsel fees is dismissed.

## ORDER

And now, this September 19, 1986, defendant's motion to strike judgment is denied and therefore dismissed and plaintiff's motion for counsel fees pursuant to 42 Pa.C.S. §2503 is denied and therefore dismissed.