J-A17016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EVERGREEN MANAGEMENT GROUP INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COMMERCIAL SNOW & ICE, LLC, | |
| Appellant | No. 3486 EDA 2014 |

Appeal from the Order Entered November 7, 2014
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2012-04425

| | |
|---|---|
| WILLIAM SMITH, SR. AND EVERGREEN MANAGEMENT GROUP INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRIAN HEMPHILL AND COMMERCIAL SNOW & ICE, LLC, | |
| Appellee | No. 3489 EDA 2014 |

Appeal from the Order Entered November 14, 2014
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2012-04425

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED JULY 17, 2015**

Commercial Snow & Ice, LLC (hereinafter "Commercial"), appeals from

the trial court's November 7, 2014 order denying its motion for a new trial.[1]

---

[1] Commercial's appeal is docketed at 3486 EDA 2014.

Additionally, William Smith, Sr. and Evergreen Management Group Inc. (hereinafter "Evergreen"), appeal from the trial court's November 14, 2014 order denying Evergreen's petition for attorney's fees.[2] We consolidated these two appeals by *per curiam* order dated March 6, 2015. After careful review, we affirm both orders at issue in this case.

In an opinion dated June 27, 2014, the trial court set forth detailed factual findings and conclusions of law, which we summarize, as follows. In November of 2010, Commercial and Evergreen entered a contract pursuant to which Evergreen agreed to act as Commercial's sub-contractor for snow and ice removal at Stella Maris Church and two Acme Supermarket locations in Philadelphia. From late December of 2010 through late February of 2011, Evergreen performed snow and ice removal services at those locations when dispatched by Commercial. Based on that service, Evergreen submitted 47 invoices to Commercial, 20 of which Commercial paid and 27 of which remained outstanding.

In May of 2012, Evergreen filed a complaint against Commercial seeking payment of the 27 outstanding invoices. The case was heard by an arbitration panel and, on July 29, 2013, Evergreen was awarded judgment in the amount of $15,670.40, plus interest in the amount of $2,750.00, totaling $18,420.40. Commercial appealed to the Court of Common Pleas of

---

[2] Evergreen's appeal is docketed at 3489 EDA 2014.

Chester County. After a bench trial, the court found in favor of Evergreen and awarded it $16,045.40, plus interest. On August 19, 2014, judgment was entered in favor of Evergreen.

Thereafter, and with the trial court's permission, Commercial filed a *nunc pro tunc* motion for a new trial. Commercial alleged that the court erred by precluding it from presenting witnesses to testify as to William Smith's (principal for Evergreen) reputation for truthfulness or untruthfulness. On November 7, 2014, the trial court issued an order denying Commercial's motion, and it filed a timely notice of appeal. Herein, Commercial raises one issue for our review: "Whether the [t]rial [c]ourt erred in excluding character witness testimony regarding the reputation of William Smith for truthfulness or untruthfulness as authorized by Rule 608 of the Pennsylvania Rules of Evidence?" Commercial's Brief at 5.

We also have before us a timely appeal from Evergreen, stemming from the trial court's November 14, 2014 denial of Evergreen's petition for attorney's fees. Herein, Evergreen solely argues that the court erred by denying that petition.

We will now address both parties' claims, beginning with Commercial's assertion that the court erred by denying its motion for a new trial. Commercial argues that it is entitled to a new trial because the court improperly excluded character testimony by two witnesses pertaining to William Smith's reputation for dishonesty. In support of its claim that such

evidence was admissible, Commercial relies on several Pennsylvania Rules of Evidence, namely Rule 608(a), which states:

> **(a) Reputation Evidence.** A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked. Opinion testimony about the witness's character for truthfulness or untruthfulness is not admissible.

Pa.R.E. 608(a).

In assessing Commercial's claim, we initially note that:

> Our standard of review of the denial of a motion for a new trial is whether the trial court committed an error of law or an abuse of discretion that controlled the outcome of the case. ***Randt v. Abex Corp.***, 448 Pa. Super. 224, 671 A.2d 228, 232 (1996). Our standard of review for evidentiary rulings by the trial court is very narrow. ***Gemini Equipment v. Pennsy Supply***, 407 Pa. Super. 404, 595 A.2d 1211, 1215 (1991). In general, we may reverse only for an abuse of discretion or an error of law. ***Id.***

***Cruz v. Northeastern Hosp.***, 801 A.2d 602, 610 (Pa. Super. 2002).

Here, in its order denying Commercial's motion for a new trial, the court explained its rationale for doing so, as follows:

> The court was surprised by [Commercial's] proffer [of character witnesses] and resorted to a quick perusal of *Ohlbaum on the Pennsylvania Rules of Evidence*. Ultimately, the court decided not to allow the testimony. In the back of the court's mind was the likelihood of confusion of the issues and a concern over the waste of the court's and parties' time[,] as this action had already taken more trial time than the parties had anticipated, requiring the court to schedule additional days for completion of the trial. ***See*** [Pa.R.E.] 403[] … (stating "although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

delay, waste of time, or needless presentation of cumulative evidence.["]) Furthermore, the court considered [that] the proffer was for a relatively low grade of evidence. There being no jury, the court decided that it was fully capable of assessing credibility for itself for the purposes of this trial.

Even had the two witnesses described the reputation for untruthfulness of [William Smith] as the worst pathological scarlet-red liar in the hemisphere, the court is confident that it would not have decided the case differently. The reason is that this case turned on the credibility of [Commercial's] principal, [Brian] Hemphill, not on that of [William Smith].

The parties agreed that [Evergreen] had generated 47 invoices for its services, of which 20 were paid by [Commercial] and 27 remained outstanding. The focus then became on the reasons [f]or non-payment. The court discussed how [Commercial's] three asserted reasons [for non-payment] were unavailing in its [d]ecision [issued on June 27, 2014], pp. 6-8. It was likewise the testimony of [Brian Hemphill], or lack thereof, which caused the court to find against [Commercial] on its counterclaims[.] (Decision, p. 8).

[Commercial], in its Motion for a New Trial, and accompanying Memorandum, cites not one case in support of its position. The record adequately supports the trial court's reasons for its decision. Nor can it be argued that the trial court abused its discretion, nor that harm was ineluctably and prejudicially inflicted upon [Commercial] by the exclusion of these two witnesses. ***See Harman ex rel. Harman v. Borah***, 562 Pa. 455, 756 A.2d 1116, 1122 (2000) (holding "[a] new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake.")

Trial Court Order, 11/7/14, at 1-2 n.1 (unpaginated).

Based on the court's discussion, we ascertain no abuse of discretion in its decision to deny Commercial's request for a new trial. Most notably, the court concluded that the case hinged on the credibility of Brian Hemphill, Commercial's principal, and *not* on the credibility of William Smith. Thus, we

- 5 -

agree with the court that Commercial failed to establish that it was prejudiced by the omission of character testimony regarding Smith's reputation for untruthfulness. Accordingly, we affirm the trial court's November 7, 2014 order denying Commercial's motion for a new trial.

Next, we assess Evergreen's claim that the trial court erred by denying its petition for attorney's fees.

> The trial court may, upon motion, require a party to pay another participant's counsel fees if the party's conduct in commencing the action was arbitrary, vexatious or in bad faith. ***Santillo v. Robinson***, 383 Pa. Super. 604, 557 A.2d 416 (1989); ***Brenckle v. Arblaster***, 320 Pa. Super. 87, 466 A.2d 1075 (1983); 42 Pa.C.S.A. § 2503. However, the intent of the rule permitting the recovery of counsel fees is not to punish all of those who initiate actions which ultimately fail, as such a course of action would have a chilling effect upon the right to raise a claim. ***Santillo v. Robinson, supra***. Rather, the aim of the rule is to sanction those who knowingly raise, in bad faith, frivolous claims which have no reasonable possibility of success, for the purpose of harassing, obstructing or delaying the opposing party. ***See Brenckle v. Arblaster***, ***supra***. Upon review, the denial of a request for counsel fees is a matter within the sound discretion of the trial court and will be reversed on appeal only when there is a clear abuse of that discretion. ***Szillery v. Wheaton***, 382 Pa. Super. 394, 555 A.2d 237 (1989); ***American Mut. Liability Ins. v. Zion and Klein***, 339 Pa. Super. 475, 489 A.2d 259 (1985).

***Dooley v. Rubin***, 618 A.2d 1014, 1018 (Pa. Super. 1993).

Evergreen maintains that attorney's fees were warranted under Pa.R.C.P. 1023.1 and 42 Pa.C.S. § 2503(7) and/or (9). First, Rule 1023.1 states, in pertinent part:

> (c) The signature of an attorney or pro se party constitutes a certificate that the signatory has read the pleading, motion, or other paper. By signing, filing, submitting, or later advocating

such a document, the attorney or pro se party certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation,

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law,

(3) the factual allegations have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual allegations are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(d) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (c) has been violated, the court may, subject to the conditions stated in Rules 1023.2 through 1023.4, impose an appropriate sanction upon any attorneys, law firms and parties that have violated subdivision (c) or are responsible for the violation.

Pa.R.C.P. 1023.1(c), (d).

Additionally, the at-issue portions of section 2503 state:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

\*\*\*

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

\*\*\*

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S. § 2503(7), (9). In discussing section 2503(7) and (9), this Court recently stated:

> A suit is vexatious, such as would support an award of counsel fees, if it is brought without legal or factual grounds and if the action served the sole purpose of causing annoyance. ***In re the Barnes Foundation***, 74 A.3d 129 (Pa. Super. 2013) (interpreting 42 Pa.C.S. § 2503(7)). "Behavior that protracts litigation may nonetheless not rise to the level of obdurate, vexatious and dilatory conduct within the meaning of the statute." 17 West's Pa. Prac., Family Law § 13:2 (7th ed.) (*citing* ***Gardner v. Gardner***, 371 Pa. Super. 256, 538 A.2d 4 (1988)). Section 2503(9) serves not to punish all those who initiate legal actions that are not ultimately successful, or which may seek to develop novel theories in the law, as such a rule would have a chilling effect on the right to bring suit for real legal harms suffered. Rather, the statute focuses attention on the conduct of the party from whom counsel fees are sought and on the relative merits of that party's claims.

***Dong Yuan Chen v. Saidi***, 100 A.3d 587, 592 (Pa. Super. 2014) (some citations omitted).

Here, Evergreen claims that attorney's fees are appropriate under Rule 1023.1 and/or section 2503 for several reasons. For instance, it maintains that Commercial "signed verifications of facts which were found to be untrue." Evergreen's Brief at 27. It also avers that Commercial's principal, Brian Hemphill, committed perjury at trial. Finally, Evergreen contends that Commercial's counterclaims "were not warranted by existing law[,] … had no evidentiary support," and "were being presented for the improper purpose of delay, [to] harass and to needlessly increase the cost of litigation." Evergreen's Brief at 27.

The trial court found Evergreen's arguments in support of attorney's fees unconvincing, and we agree. First, while it is true that the court did not credit Brian Hemphill's testimony, the court did not consider it as amounting to perjury. *See* Trial Court Opinion, 1/5/15, at 1 ("Evergreen continues in the use of the same sort of hyperbole its counsel engaged in at trial, such [as] declaring Commercial['s] … principal, Mr. Hemphill, as a 'fabricator' and a 'perjurer[.'] The court did not see it that way."). Additionally, in regard to Commercial's counterclaims, the court explained:

> The court sat through three hearing days listening to [this] dispute. Having practiced trial law for 34 years before attaining the bench, and in the three years since, the court believes it knows a frivolous case when it sees it. The defense of this case was not frivolous; neither was it arbitrary or vexatious. The court draws a necessary distinction between an unsuccessful defense and one that is merely frivolous and interposed for delay. Indeed, the defense had some chance of success. The counterclaims, one for breach of contract and the other for tortious interference with contractual relations, were dubious in retrospect. Had [Commercial] but remembered to bring [its] documentary evidence to trial, [it] might have fared better.

> [Commercial's] counsel was [also] no dilettante. Lawrence E. Wood, Jr., Esquire is an esteemed member of the trial bar as well as a former judge who spent a quarter-century on this bench. He is a quiet and reflective individual, and the last person to engage in baseless litigation. The court cannot ignore these facts when deliberating on this request for sanctions. The court believes that [Commercial] did no more than carry out its claim to conclusion.

> [Evergreen] is to be blamed for naming [Commercial's] principal, Brian Hemphill, as an individual party defendant through the end of trial, for no reason apparent to the court. This could well rise to the level of obdurate conduct.

> In sum, [Commercial's] actions were not sufficiently sinister to support an award of attorney's fees.

- 9 -

Trial Court Order, 11/14/14, at 6 n.1 (emphasis omitted). The court's

reasoned discussion is sufficient to demonstrate that the court did not abuse

its discretion in denying Evergreen's petition for counsel fees.[3]

_____

[3] Before concluding, we note that Commercial filed a petition with this Court requesting that we allocate to Evergreen the cost of copying the reproduced record ($682.50 in total). The following portion of Pennsylvania Rule of Appellate Procedure 2154 is pertinent to Commercial's request:

> **(a) General rule.**--Except when the appellant has elected to proceed under Subdivision (b) of this rule, or as otherwise provided in Subdivision (c) of this rule, the appellant shall not later than 30 days before the date fixed by or pursuant to Rule 2185 (service and filing of briefs) for the filing of his or her brief, serve and file a designation of the parts of the record which he or she intends to reproduce and a brief statement of issues which he or she intends to present for review. If the appellee deems it necessary to direct the particular attention of the court to parts of the record not designated by the appellant, the appellee shall, within ten days after receipt of the designations of the appellant, serve and file a designation of those parts. The appellant shall include in the reproduced record the parts thus designated. **In designating parts of the record for reproduction, the parties shall have regard for the fact that the entire record is always available to the court for reference and examination and shall not engage in unnecessary designation.**

Pa.R.A.P. 2154(a) (emphasis added). Commercial claims that Evergreen did not "have regard for the fact that the entire record is always available," *id.*, and improperly requested that Commercial include superfluous documents in reproducing the record, causing unnecessary photocopying costs to Commercial. Thus, Commercial requests that we allocate the entire cost of the reproduced record to Evergreen.

We decline to do so. Pennsylvania Rule of Appellate Procedure 2155(b) states that "if either party shall cause material to be included in the reproduced record unnecessarily, the appellate court may **on application filed within ten days after the last brief is filed**, in its order disposing of

*(Footnote Continued Next Page)*

- 10 -

Order affirmed in the case docketed at 3486 EDA 2014. Order affirmed in the case docketed at 3489 EDA 2014.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2015

*(Footnote Continued)* ──────────

the appeal impose the cost of reproducing such parts on the designating party." Pa.R.A.P. 2155(b) (emphasis added). Here, our docket indicates that the last brief (Commercial's reply brief) was filed on May 21, 2015. Commercial's instant request that the cost of reproducing the record be allocated to Evergreen was not filed until June 24, 2015, well beyond the ten-day requirement of Rule 2155(b). Accordingly, we deny Commercial's request for costs.