J-A06036-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| FRANCO MOSCATIELLO, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| FRANK ZOKAITES, ZOKAITES CONTRACTING, INC., AND ZOKAITES PROPERTIES, L.P., | : | |
| Appellants | : | No. 1027 WDA 2017 |

Appeal from the Order Entered June 28, 2017
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR 17-000260

BEFORE:     BENDER, P.J.E., SHOGAN, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                    FILED MAY 21, 2018

Frank Zokaites (Frank), Zokaites Contracting, Inc., and Zokaites Properties, L.P. (collectively, Appellants) appeal from the order entered on June 28, 2017, dismissing Appellants' writ of certiorari filed pursuant to Pa.R.C.P.D.J. No. 1009 and awarding counsel fees against Appellants. We affirm. Additionally, we grant Appellee Franco Moscatiello's request for an award of counsel fees against Appellants pursuant to Pa.R.A.P. 2744 and remand for the trial court to determine the amount. We also deny Moscatiello's application to dismiss the appeal, but remand for the trial court to make factual findings as to whether Appellants' counsel engaged in the alleged vexatious conduct and to award counsel fees in the court's discretion as a sanction against Appellants' counsel if appropriate.

* Retired Senior Judge assigned to the Superior Court.

A.  Factual and Procedural History

Appellants are developers of residential real estate, including a development in Jefferson Hills Borough.  Moscatiello owns a home on Woodwind Drive in the Jefferson Hills development.  On September 16, 2016, Moscatiello filed a civil complaint against Appellants in Magisterial District Court 05-2-16, the district covering Jefferson Hills Borough.  The complaint alleged that Appellants' agent or employee negligently struck Moscatiello's brick mailbox with a construction vehicle in the course and scope of the individual's agency or employment, causing $1,800 worth of damage to the mailbox and adjacent sidewalk.  According to the complaint, Dana Zokaites (Dana), Appellants' authorized agent or employee, acknowledged responsibility for the damage but refused to repair the mailbox.  The complaint stated that Appellants must notify the magisterial district court of their intent to defend against the complaint, and warned Appellants that if they did not appear to defend the complaint a default judgment may be entered against them.  See Pa.R.C.P.D.J. No. 305(4)(a), (c) (requiring notice of same).

According to the return of service in the magisterial district court record, a constable handed a copy of the complaint to Cory Oliver, a laborer

present at 375 Golfside Drive, Wexford, PA 15090 on December 5, 2016.[1] Two days later, on December 7, 2016, Jeffrey M. Robinson, Esquire,[2] sent a letter to the magisterial district judge requesting a continuance of the December 20, 2016 hearing. In the letter, Attorney Robinson referenced his having been retained to represent "the Defendants in the above[-]captioned civil action." First Letter from Attorney Robinson to the Magisterial District Judge, 12/7/2016, at 1. Later that same day, Attorney Robinson sent a second letter, wherein he withdrew his request for a continuance, stating, "Defendants have just notified me that they will appear themselves in the above matter without my representation." Second Letter from Attorney Robinson to the Magisterial District Judge, 12/7/2016, at 1.

On December 13, 2016, Dana faxed a fax cover sheet with a handwritten note to the magisterial district judge. The note indicated that Zokaites Contracting, Inc., intended to defend against the complaint, but Dana did not know the status of the other defendants. The fax cover sheet listed 375 Golfside Drive, Wexford, PA 15090 as a mailing address.

Subsequently, the magisterial district court notified Moscatiello that Appellants intended to defend, and mailed a copy of the notice to Appellants at the 375 Golfside Drive address. See Pa.R.C.P.D.J. No. 318 ("If the

---

[1] Moscatiello resorted to service by constable after an unsuccessful attempt to serve Appellants at the same address via certified mail; the mail was returned unclaimed.

[2] Attorney Robinson currently represents Appellants on appeal.

defendant gives the magisterial district court notice of intention to defend in accordance with Rule 305(4)(a), the magisterial district court shall promptly give the plaintiff written notice that the defendant intends to enter a defense.").

On December 20, 2017, Moscatiello and Dana appeared before the magisterial district court, and a hearing was held. According to the record, the following exhibits were admitted: (1) a deed recorded on May 12, 2015, transmitting the Woodwind Drive property from Zokaites Properties, L.P. to Moscatiello and his wife;[3] (2) a photograph of the damage to the mailbox; (3) various emails between Dana and Moscatiello wherein Dana acknowledged that a worker damaged the mailbox and offered to repair it, but refused to replace it; and (4) a bill for repair completed by a contractor hired by Moscatiello. On December 20, 2016, judgment was entered against Appellants for $1,645.30.

On January 18, 2017, Appellants filed a praecipe for writ of certiorari in the court of common pleas, asserting that the magisterial district judge did not have jurisdiction over the subject matter or over Appellants, that venue was improper, and that such gross irregularity of procedure existed as

---

[3] The deed for the Woodwind Road property contained a notarized seal, representing that Dana appeared before the notary and "acknowledged herself to be the Secretary of Zokaites Contracting, Inc., the General Partner of Zokaites Properties, LP, a PA Limited Partnership, and that she, as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained." See Exhibit 1 in the 12/20/2016 magisterial district judge hearing.

to make the judgment void.[4]  On March 6, 2017, Moscatiello filed a motion to dismiss the writ and a motion for sanctions, alleging, inter alia, that Appellants were properly served, and requesting sanctions pursuant to 42 Pa.C.S. § 2503(7) for dilatory, obdurate, and vexatious conduct.  Appellants filed a response, countering that service of the complaint was improper and Appellants did not waive the improper service by Dana's appearance at the magistrate's hearing.

The trial court heard oral argument on the writ of certiorari, the motion to dismiss, and the motion for sanctions on April 21, 2017, and took the matter under advisement.  Subsequent to that oral argument, the magisterial district judge returned the writ by transmitting a certified true copy of the record of the proceedings containing the judgment to the prothonotary of the court of common pleas.[5]  See Pa.R.C.P.D.J. No. 1012. The trial court then heard re-argument on the writ and motions on June 5, 2017.[6]  On June 28, 2017, the trial court dismissed the writ of certiorari and ordered the judgment against Appellants to remain in effect pursuant to

---

[4] Appellants were represented by Attorney Robinson.

[5] It is unclear from the record why the magisterial district judge did not timely return the writ.  See Pa.R.C.D.J. No. 1012 (requiring the magistrate to return the writ within ten days after its receipt).

[6] There is no transcript of either oral argument in the certified record before us.

Pa.R.C.P.D.J. No. 1013(C). The court also granted Moscatiello's motion for sanctions and awarded Moscatiello $3,000 in counsel fees.

Appellants timely filed a notice of appeal. The trial court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants filed such a statement, listing 17 matters it wished to challenge on appeal. The trial court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

B. Issues for Appeal and Preservation in Rule 1925(b) Statement

Appellants present the following issues on appeal.

1. Whether the [trial] court committed errors of law and fact in concluding there was effective service of process on [] Appellants.

2. Whether the [trial] court committed errors of law and fact in holding that Appellants waived service of process.

3. Whether the [trial] court committed errors of law and fact in awarding sanctions against Appellants and/or in failing to hold an evidentiary hearing on the amount of sanctions.

Appellants' Brief at 3 (trial court's answers omitted).

We first consider whether Appellants have preserved the issues they present on appeal in a concise statement that complies with Rule 1925(b). Jiricko v. Geico Ins. Co., 947 A.2d 206, 210 (Pa. Super. 2008) (holding appellate courts may sua sponte determine whether issues have been properly preserved on appeal). Timely filing of a response to a trial court's Rule 1925(b) order is not enough to preserve issues for appeal. Id. Rule 1925 requires an appellant to "set forth only those rulings or errors that the

appellant intends to challenge," Pa.R.A.P. 1925(b)(4)(i), and the statement "should not be redundant...." Pa.R.A.P. 1925(b)(4)(iv). "Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors will not alone be grounds for finding waiver." Id. However, if an appellant fails to set forth a sufficiently "concise" and "coherent" statement in circumstances that suggest bad faith, waiver of all issues may result. Jiricko, 947 A.2d at 210. See also Mahonski v. Engel, 145 A.3d 175, 182 (Pa. Super. 2016) (deeming all claims waived when appellants filed a voluminous Rule 1925(b) statement in bad faith in a straightforward contract action); Maya v. Johnson & Johnson, 97 A.3d 1203, 1211 n.4 (Pa. Super. 2014) (suggesting that courts should consider the complexity of the lawsuit, the size of the record, and evidence of bad faith or an attempt to thwart the appellate process when deciding waiver issues pursuant to Pa.R.A.P. 1925(b)).

The instant case is a straightforward action challenging service of process and sanctions. Despite this, Appellants set forth 17 issues in their Rule 1925(b) statement. Many of the issues are redundant, posing the same challenge with different phrasing. Furthermore, two of the issues question whether the trial court erred by denying Appellants the right to a de novo appeal, notwithstanding the fact that Appellants chose to forgo a

review of the merits by filing a writ of certiorari challenging jurisdiction.[7]  In its Rule 1925(a) opinion, the trial court determined that the statement "evidences continuing dilatory, obdurate[,] and vexatious conduct on [Appellants'] part."  Trial Court Opinion, 8/30/2017, at 2.  We agree.  Although the statement at issue here is not as voluminous as in other cases where we have found waiver, the underlying lawsuit is not complex and the record is minimal.  The redundancy and inclusion of clearly frivolous issues compel the conclusion that Appellants deliberately circumvented the meaning and purpose of Rule 1925(b) and acted in bad faith.  Thus, Appellants have waived all issues for appeal by its failure to comply with Rule 1925(b).

### C. Service of the Complaint

Even assuming arguendo that Appellants did not waive the issues they raise on appeal by their failure to comply with Rule 1925(b), Appellants' claims merit no relief.

---

[7] "In Pennsylvania, the purpose of an appeal de novo is to give a litigant a new trial without reference to the record established in the minor court, whereas certiorari connotes a review of the record established in the minor court with an eye to cure defects in procedure and legal error." Gladstone Partners, LP v. Overland Enter., Inc., 950 A.2d 1011, 1014–15 (Pa. Super. 2008).  The procedures are distinct, and Pa.M.D.J. No. 1015 "clearly requires a litigant desiring to challenge a magisterial district court's judgment to choose either to appeal de novo to the court of common pleas or to seek certiorari review in the court of common pleas."  Id.  A litigant cannot avail himself of both the remedies of an appeal de novo and certiorari review.  Id.

A writ of certiorari is a narrow form of review of a judgment issued by a magisterial district judge. See Pa.R.C.D.J. No. 1001, Comment. When a writ of certiorari is filed, the court of common pleas must examine the record of proceedings before a magisterial district judge to determine whether a judgment should be set aside due to "lack of jurisdiction over the parties or subject matter, improper venue, or such gross irregularity of procedure as to make the judgment void." Pa.R.D.P.D.J. Nos. 1001, 1009. In reviewing a trial court's dismissal of a writ of certiorari, an appellate court may only examine the record to determine if the magisterial district judge had jurisdiction and the proceedings were regular. Anzalone v. Vormack, 718 A.2d 1246, 1247 (Pa. Super. 1998).

In the instant case, Appellants contend service of the complaint was improper. The magistrate court rules permit the service of a complaint upon an individual defendant by handing a copy "to an adult member of the defendant's family at his residence, but if no adult member of the family is found, then to an adult person in charge of such residence[.]" Pa.R.C.P.D.J. No. 308(2)(a). Alternatively, individuals may be served "at any office or usual place of business of the defendant" by handing a copy of the complaint "to his agent or to the person for the time being in charge thereof[.]" Pa.R.C.P.D.J. 308(2)(c).

Partnerships may be served "by handing a copy to a partner, manager, clerk or other person for the time being in charge, at any regular place of

business of the partnership[.]" Pa.R.C.P.D.J. No. 309(1). Alternatively, partnerships may be served upon "a partner in the same manner as an individual if there is no regular place of business[.]" Pa.R.C.P.D.J. No. 309(2).

Corporations may be served by handing a copy of the complaint to "an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation[.]" Pa.R.C.P.D.J. No. 310(2).

The rules require proof of service in the record that shows "(1) the manner of service, (2) the date, time, and place of service and, (3) the name and relationship or title, if any, of the person on whom the complaint was served." Pa.R.C.P.D.J. No. 314(A). "The appearance of a defendant in person or by representative or the filing by a defendant of a claim in the case shall be deemed a waiver of any defect in service but not a waiver of a defect in venue." Pa.R.C.P.D.J. No. 314(C).

In their brief, Appellants argue that the return of service is deficient on its face, because it merely identifies Oliver as a laborer and does not indicate whether Oliver was "an adult person in charge" of Frank's residence. Appellant's Brief at 12. Appellants further contend that Oliver was not the person in charge and that Appellants did not authorize him to accept service on his behalf. Id. at 12-13.

These arguments are different from the arguments Appellants presented to the trial court. In Appellants' response in opposition to

Moscatiello's motion to dismiss Appellants' writ of certiorari, Appellants claimed that Frank was a resident of the state of Florida and service to him in Pennsylvania was improper. Appellants' Response in Opposition to Moscatiello's Motion to Dismiss, 4/20/2017, at ¶10(a). They also contended that Oliver was not Appellants' employee, agent, officer, partner, trustee, manager, or clerk.[8] ¶ 10. They further argued that Oliver would testify that the constable handed Oliver a copy of the complaint somewhere other than 375 Golfside Drive. ¶ 11. Appellants did not argue that Oliver was not a person in charge of the residence as they now do on appeal, or that the return was defective on its face based upon its failure to offer more description as to the relationship. Issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). "[T]his Court cannot review a legal theory in support of [a] claim [on appeal] unless that particular legal theory was presented to the trial court." Commonwealth v. Rush, 959 A.2d 945, 948–49 (Pa. Super. 2008). Therefore, Appellants have waived the arguments they present in their brief regarding defective service on appeal. Id.

---

[8] In making this argument, Appellants relied upon different rules than they now rely upon on appeal. In the response before the trial court, Appellants argued they were not served in accordance with Pa.R.C.P. 402, 423, and 424, which was incorrect because those rules govern civil actions before the trial court. Appellants' Response in Opposition to Moscatiello's Motion to Dismiss, 4/20/2017, at ¶10. On appeal, Appellants cite to the service rules applicable to a magisterial district court action. Appellant's Brief at 9-11.

Furthermore, despite discussing affidavits by Oliver and Dana and arguing the trial court erred by failing to consider these affidavits, see Appellants' Brief at 13, 16, these affidavits do not appear anywhere in the certified record. "It is well settled that an appellate court is limited to considering only the materials in the certified record." In re S.M., 176 A.3d 927, 934 (Pa. Super. 2017). "[I]t is an appellant's duty to insure that the certified record contains all documents necessary for appellate review, and when a necessary document is not included in the certified record, we may find the issue waived on appeal." Century Indem. Co. v. OneBeacon Ins. Co., 173 A.3d 784, 809 (Pa. Super. 2017). Without reviewing the affidavits, we are unable to determine whether the trial court erred by refusing to consider them. Thus, issues relating to the affidavits are waived.

Appellants also fail to address meaningfully the trial court's ruling that it could not consider evidence outside the magistrate's record due to the limited standard of its review on a writ of certiorari. Appellants do not cite to, let alone analyze, the rules applicable to writs of certiorari or any of the cases involving challenges to service on a writ of certiorari such as Anazalone. The failure to develop an argument with citation to and analysis of relevant authority waives the issue on appeal. See Pa.R.A.P. 2119. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." Bombar v. W. Am. Ins. Co., 932 A.2d 78, 93 (Pa.

Super. 2007). Therefore, Appellants have waived their argument regarding an evidentiary hearing for failing to develop it in their brief.

Even if we were to consider the merits of Appellants' arguments, their challenge to service fails. Importantly, Appellants have never argued that Oliver was not "a person for the time being in charge" "at any office or usual place of business" of Frank or Zokaites Contracting, Inc., or "any regular place of business" of Zokaites Properties, L.P. See Pa.R.C.P.D.J. No. 308(2)(c), 309(2), 310(2). The rules permit service in this manner. Id. Notably, the 375 Golfside Drive address is listed on the fax Dana sent to the magisterial district judge on Zokaites Contracting, Inc.'s behalf. See Facsimile from Dana Zokaites, 12/13/16, at 1. Furthermore, the deed conveying the Woodwind Drive property from Zokaites Properties, L.P. to Moscatiello and his wife lists 375 Golfside Drive as the address for the partnership. See Moscatiello's Exhibit 1 in the magisterial district judge proceedings. Therefore, Appellants fail to convince us that the trial court erred in determining that service was proper.

D. Counsel Fees Pursuant to 42 Pa.C.S. § 2503(7)

Having concluded that Appellants waived their claims regarding service on appeal for multiple reasons, and that even if they did not waive their claims, service was proper, we now turn to the issue regarding the award of counsel fees against Appellants pursuant to 42 Pa.C.S. § 2503(7).

A trial court may award reasonable counsel fees "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S. § 2503(7). "Our review of a trial court's award of attorney's fees is limited. We may only consider whether the court palpably abused its discretion in making a fee award." Oliver v. Irvello, 165 A.3d 981, 986–87 (Pa. Super. 2017). "If the record supports a trial court's finding of fact that a litigant violated the conduct provisions of the relevant statute providing for the award of attorney's fees, such award should not be disturbed on appeal." Kulp v. Hrivnak, 765 A.2d 796, 799 (Pa. Super. 2000).

The trial court awarded Moscatiello $3,000 in counsel fees based upon its finding that Appellants engaged in vexatious, obdurate, and dilatory conduct. The trial court relied upon the following to make such a finding: (1) the small amount of damages at issue; (2) the fact that emails introduced at the magistrate hearing indicated that Appellants admitted some liability for the damage; (3) Appellants' filing a writ based upon lack of subject matter jurisdiction, improper venue, and gross irregularity of procedure without factual or legal justification and later abandoning such contentions; (4) Appellants' contesting of service despite Attorney Robinson's communication that Appellants intended to appear to defend and Dana's subsequent appearance at the hearing; and (5) Appellants' repetitive and meritless arguments before the trial court.

Appellants argue that the award of counsel fees as sanctions was unwarranted. Appellants counter that they "merely checked boxes" on a form and their abandonment of the other three legal bases for the writ was akin to amending a pleading after review of facts. Appellants' Brief at 18. Appellants contend neither Attorney Robinson's letters nor the fax or appearance by Dana indicated that jurisdiction was not an issue. Id. Finally, Appellants argue the trial court erred by failing to hold a hearing to determine the appropriateness of the time spent, the reasonableness of the hourly rate, and whether the bill was paid. Id. at 18-19.

After reviewing Appellants' brief, we conclude that Appellants waived their challenge to the award of counsel fees. Appellants do not cite to any legal authority to support their contentions that the trial court abused its discretion. Once again, we refuse to act as Appellants' counsel and develop arguments on their behalf. See Pa.R.A.P. 2119; Bombar, 932 A.2d at 93.

In addition, Appellants fail to identify where they objected to the trial court's failure to hold an evidentiary hearing regarding the amount and reasonableness of the fees, and our review of the record does not reveal such a request. See Pa.R.A.P. 2119(e). Thus, Appellants have waived this argument by failing to preserve the issue before the trial court. See Pa.R.A.P. 302(a).

Furthermore, even if Appellants had developed their argument appropriately, we would still affirm the award. Appellants fail to convince us

that the trial court abused its discretion. Appellants' classification of their behavior as merely checking a box shows Appellants' lack of appreciation for the consequences of their behavior. Appellants were not merely checking a box; they were making actual legal claims. At the time they filed their writ of certiorari, Appellants were aware of, at a minimum, the subject matter of the suit and the fact that the dispute arose within the magisterial district in which Moscatiello filed the suit. Appellants do not articulate what facts they later learned that they did not already know when they filed their writ. Furthermore, their sudden abandonment of the claims differs significantly from an amendment of a pleading, as an amendment would put the other party on notice of the precise nature of the party's arguments and allegations prior to proceedings before a trial court.

Moreover, despite Appellants' protestations to the contrary, the record supports the trial court's finding that Appellants (1) were served with notice of the magistrate's hearing; (2) had Attorney Robinson attempt to enter his appearance in writing[9] on behalf of all Appellants to request a continuance, and later withdraw his request for a continuance and represent in writing that Appellants would appear to defend; (3) received notice that the magistrate notified Moscatiello pursuant to Pa.R.C.P.D.J. No. 318 that all of the Appellants intended to defend; and (4) had Dana, who was an officer of

---

[9] Attorney Robinson failed to follow Rule 207.1(A) by omitting his attorney identification number. See Pa.R.C.P.D.J. No. 207.1(A).

Zokaites Contracting Inc., which is a partner of Zokaites Properties, L.P., appear to defend against the complaint. Nevertheless, Appellants have persisted in insisting that they were not properly served with the complaint, with citation to rules that were inapplicable to the proceeding at hand.

Vexatious conduct is that "which is without sufficient grounds and serving only to cause annoyance." Am. Mut. Liab. Ins. Co. v. Zion & Klein, P.A., 489 A.2d 259, 261 (Pa. Super. 1985). We agree with the trial court that Appellants' actions were vexatious. Thus, the trial court acted within its discretion to award counsel fees as a result.

E. Counsel Fees Pursuant to Pa.R.A.P. 2744

In his brief, Moscatiello argues Appellants' appeal is frivolous and requests counsel fees pursuant to Pa.R.A.P. 2744. Such fees are permissible under Pa.R.A.P. 2744 when this Court determines "that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744.

Given Appellants' disregard for Pa.R.A.P. 1925(b), their presentation of shifting legal theories they failed to preserve, their failure to ensure a complete record, their failure to discuss pertinent legal authority, their unsupported factual positions, and their dogged pursuit of a challenge to service despite the small matter in dispute, proper service, acknowledgement of liability, and full awareness of the proceedings, we use our discretion to award counsel fees based upon Appellants' frivolous appeal

and vexatious conduct on appeal.[10]  Thus, we remand for the trial court to determine the amount of fees.

Subsequent to the oral argument scheduled before this Court, Moscatiello filed an application to dismiss Appellants' appeal and renewed his request for counsel fees.  Moscatiello contends that Attorney Robinson told the court crier at oral argument that Sean Audley, Esquire, Moscatiello's counsel, agreed to forgo oral argument and submit the matter on briefs when no such agreement existed.  These contentions, if true, would constitute vexatious conduct by Attorney Robinson.  However, Attorney Robinson filed a response wherein he denies that he made any

---

[10] For example, Appellants claim there is nothing in the record indicating that Dana is an officer of Zokaites Contracting, Inc.  Appellants' Brief at 15. Appellants are flatly incorrect.  As mentioned supra, the deed for the Woodwind Drive property indicates otherwise.  See Exhibit 1 in the December 20, 2016 magisterial district judge hearing.  Furthermore, Appellants admit that Dana notified the magisterial district judge that she intended to appear on behalf of Zokaites Contracting, Inc.  Appellant's Brief at 15-18.  Despite this, Appellants persist in their bald assertion that Dana did not have authority to appear and ignore the evidence of record that she is an officer of Zokaites Contracting, Inc.

Appellants also persist in their assertion that Dana's appearance did not constitute a waiver even for Zokaites Contracting Inc. by citing to a rule that is inapplicable to the proceedings and ignoring the trial court's determination that that appearance constituted a waiver pursuant to the applicable rule. See Appellant's Brief at 16, citing Pa.R.Civ.P. 1012 (stating that a written notice of appearance by a party "shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue").  But see Pa.R.C.P.D.J. No. 314(C) (stating in proceedings before a magisterial district judge, "[t]he appearance of a defendant in person or by representative or the filing by a defendant of a claim in the case shall be deemed a waiver of any defect in service....") (emphasis added).

representations as to Attorney Audley, but claims he told the court crier Appellants were going to rest on their brief. Moscatiello urges this court to dismiss Appellants' appeal for failure to appear when the case was called for oral argument. We decline to dismiss this matter. Instead, we remand to the trial court so that the trial court may make factual findings as to the conduct of Attorney Robinson at oral argument and award counsel fees to Moscatiello as a sanction against Attorney Robinson in its discretion.

F. Conclusion

Based on the foregoing, we hold that Appellants waived all issues on appeal by filing a concise statement that disregarded the mandates of Pa.R.A.P. 1925(b). Alternatively, Appellants have waived all issues because (1) they failed to preserve the arguments they present on appeal regarding service to the trial court; (2) they failed to make affidavits they rely on for appeal part of the certified record; and (3) they failed to develop their argument regarding service and counsel fees with citation to pertinent authority. Even if Appellants had not waived their issues, we would affirm because Appellants fail to convince us that the trial court erred or abused its discretion as to the merits.

Finally, we grant the request for an award of counsel fees against Appellants pursuant to Pa.R.A.P. 2744 and remand for the trial court to determine the amount of damages. We deny the application to dismiss the appeal, but remand for the trial court to make factual findings as to whether

Attorney Robinson engaged in the alleged vexatious conduct and to award counsel fees in the court's discretion as a sanction against Attorney Robinson if appropriate.

Order affirmed. Remand for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2018